# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

SONTERRA CAPITAL MASTER FUND, LTD., on behalf of itself and all others similarly situated,

Plaintiff,

- *against* -

BARCLAYS BANK PLC, COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., DEUTSCHE BANK AG, LLOYDS BANKING GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, UBS AG, AND JOHN DOE NOS. 1-50,

Defendants.

Docket No. 15-cv-3538 (VSB)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT OF LOWEY DANNENBERG COHEN & HART, P.C. AND LOVELL STEWART HALEBIAN JACOBSON LLP AS INTERIM CLASS COUNSEL**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... iii

INTRODUCTION ............................................................................................................ 1

ARGUMENT .................................................................................................................. 3

I.    APPOINTING LOWEY DANNENBERG AND LOVELL STEWART AS INTERIM CLASS COUNSEL IS IN THE BEST INTEREST OF THE CLASS .......................................... 3

    A.    Under the Fed. R. Civ. P. 23(g) criteria, Lowey Dannenberg and Lovell Stewart are more than "adequate" and "best able to represent the interests" of the Class. ........................... 3

        1.    Rule 23(g)(1)(A)(i):  Lowey Dannenberg and Lovell Stewart have performed extensive work developing the claims and allegations in this action. ................................... 4

        2.    Rule 23(g)(1)(A)(ii):  Lowey Dannenberg and Lovell Stewart have extensive experience in handling the types of claims asserted in this action. ...................................... 7

        3.    Rule 23(g)(1)(A)(ii): Lowey Dannenberg and Lovell Stewart have extensive experience handling other types of class actions and complex litigation. ........................... 10

        4.    Rule 23(g)(1)(A)(iii):  Through its many cases, Lowey Dannenberg and Lovell Stewart have developed extensive knowledge of the applicable laws involved in litigating this action. ................................................................................................................. 12

        5.    Rule 23(g)(1)(A)(iv):  Lowey Dannenberg and Lovell Stewart will commit more than ample resources to representing the Class. ........................................................................ 13

        6.    The Rule 23(g)(1)(B) discretionary factors also favors appointment of Lowey Dannenberg and Lovell Stewart. ......................................................................................... 14

CONCLUSION .............................................................................................................. 15

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Bell Atl. Corp v. Twombly*, 127 S.Ct. 1955 (2007) ...................................................................... 11

*In re Amaranth Natural Gas Commodities Litig.,* 269 F.R.D. 366 (S.D.N.Y. 2010) *petition for review denied*, 10-4110-cv (2d Cir. Dec. 30, 2010) ................................................................. 11

*In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*, 08 M.D.L. 1963 (RWS), 2008 U.S. Dist. LEXIS 106327, 2009 WL 50132 (S.D.N.Y. Jan. 5, 2009) ............................. 3

*In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465 (S.D.N.Y. 1998)..................... 11

*In re Natural Gas Commodities Litig.,* 231 F.R.D. 171 (S.D.N.Y. 2005); *petition for review denied*, 05-5732-cv (2d Cir. Aug. 1, 2006)................................................................................ 11

*In re Sumitomo Copper Litig.,* 182 F.R.D. 85 (S.D.N.Y. 1998).................................................. 11

*In re Sumitomo Copper Litig.,* 194 F.R.D. 480 (S.D.N.Y. 2000)*, appeal denied,* 262 F.3d 134 (2d Cir. 2001) ...................................................................................................................................... 11

*In re Sumitomo Copper Litig.*, 74 F. Supp. 2d 393 (S.D.N.Y. 1999) .......................................... 11

*Kohen v. Pacific Investment Management Co. LLC*, 244 F.R.D. 469 (N.D. Ill. 2007), *aff'd* 571 F.3d 672 (7th Cir. July 7, 2009) (Posner J.) *petition for rehearing and rehearing en banc denied* (7th Cir. July 31, 2009) *petition for certiorari denied* 130 S.Ct. 1504 (2010) ............. 11

*Leist v. Simplot*, 638 F.2d 283 (2nd Cir. 1980), *aff'd, Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran*, 456 U.S. 353, 102 S.Ct. 1825 (1982) ........................................................................ 9

*Starr v. Sony BMG Music Entertainment,* 592 F.3d. 314 (2d Cir. 2010) ..................................... 11

*Strobl v. New York Mercantile Exch.*, 582 F. Supp. 770 (S.D.N.Y 1984), *aff'd*, 768 F.2d 22 (2d Cir. 1985) ...................................................................................................................................... 9

**Statutes**

Antitrust Criminal Penalty Enhancement and Reform Act, Pub. L. No. 108-237, tit. II, 118 Stat. 661, 665, extended by Pub. L. No. 111-190, 124 Stat. 1275..................................................... 9

**Other Authorities**

Manual for Complex Litigation (Fourth) § 21.11 (2004) ............................................................. 3

**Rules**

Fed. R. Civ. P. 23(g) ................................................................................................................... 3, 4

## INTRODUCTION

Plaintiff respectfully moves this Court for the appointment of Lowey Dannenberg Cohen & Hart, P.C. ("Lowey Dannenberg") and Lovell Stewart Halebian Jacobson LLP ("Lovell Stewart") as Interim Class Counsel for Plaintiff and the Class, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23(g)(3).[1]

On May 6, 2015, Plaintiff Sonterra Capital Master Fund Ltd. ("Plaintiff"), by its counsel, Lowey Dannenberg, filed a complaint ("Complaint") against Barclays Bank plc ("Barclays"), Coöperatieve Centrale Raiffeisen-Boerenleebank B.A. ("Rabobank"), Deutsche Bank AG ("Deutsche Bank"), Lloyds Banking Group plc ("Lloyds"), The Royal Bank of Scotland plc ("RBS"), UBS AG ("UBS") and John Doe Nos. 1-50 (collectively, "Defendants") alleging violations of the Commodity Exchange Act, 7 U.S.C. § 1, *et seq.* ("CEA"), the Sherman Antitrust Act, 15 U.S.C. § 1, *et seq.*, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO") and common law on behalf of itself and a putative class ("Class") comprised of all persons or entities that engaged in U.S.-based transactions in financial instruments that were priced, benchmarked, and/or settled to the Pound Sterling London Interbank Offered Rate ("Sterling LIBOR") at any time from at least January 1, 2005 through at least December 31, 2010 (the "Class Period").[2]

Defendants are among a large group of financial institutions and other organizations now found to be repeat players in a worldwide scheme to defraud investors and enrich themselves by manipulating the global benchmark interest rates for the top five currencies: the Euro Interbank

---

[1] Plaintiff has conferred with Defendants concerning its request and has been informed that Defendants take no position on the appointment of Interim Class Counsel.

[2] On May 26, 2015, the Court "so ordered" the stipulation and scheduling order Lowey Dannenberg negotiated with Defendants setting the time to file Plaintiff's amended complaint and Defendants' answer(s) or motion(s) to dismiss.  (Dkt. No. 4.)

Offered Rate ("Euribor") as well as the London Interbank Offered Rates ("LIBOR") for the U.S. Dollar ("USD LIBOR"), Swiss Franc ("Swiss Franc LIBOR"), Japanese Yen ("Yen-LIBOR"), and Sterling LIBOR.  These benchmark rates directly impact trillions of dollars of financial instruments price-based on them in worldwide markets, including in the United States.

Having pioneered benchmark rate litigation, and even more significantly following the discovery of LIBOR benchmark rate manipulation by leading banks, Lowey Dannenberg and Lovell Stewart continue to be the leading firms prosecuting these private actions, achieving recoveries for their clients and the class due to their extensive expertise and prior experience litigating benchmark commodity manipulation and antitrust class actions.  They are the preeminent law firms with respect to benchmark manipulation cases.  *See* I.A.1 *infra* (Lowey Dannenberg and Lovell Stewart are presently pursuing claims similar to those raised in this Complaint in class actions involving the four other major benchmark rates).  No other firms have developed the breadth of knowledge and experience in pursuing claims and navigating the issues that have arisen and will arise in the LIBOR cases.

Lowey Dannenberg has taken the lead in litigating this case on Plaintiff's and the Class' behalf, and its lawyers, along with colleagues from its co-counsel, Lovell Stewart, are the best suited to litigate the various procedural and substantive issues expected in this action. It is appropriate for the Court to consider the appointment of Interim Class Counsel.  There are no other firms better situated to provide the best possible results to the Plaintiff and the Class.

<u>ARGUMENT</u>

I.   **APPOINTING LOWEY DANNENBERG AND LOVELL STEWART AS INTERIM CLASS COUNSEL IS IN THE BEST INTEREST OF THE CLASS**

**A.  Under the Fed. R. Civ. P. 23(g) criteria, Lowey Dannenberg and Lovell Stewart are more than "adequate" and "best able to represent the interests" of the Class.**

It is common practice in class actions for courts to appoint interim class counsel. *See* Manual for Complex Litigation (Fourth) § 21.11 (2004). Federal Rule of Civil Procedure 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." This mechanism provides certainty to all involved in the litigation, the Court, defendants, plaintiffs, and the putative class, as to who has the authority to act on behalf and bind the plaintiffs and class members, and permits the putative class action to proceed in an orderly and efficient manner.

Neither Rule 23(g) nor any part of Rule 23 explicitly states specific criteria that govern the appointment of *interim* class counsel. Therefore, in selecting interim class counsel, courts typically look to the specific criteria of Rule 23(g)(1)(A) governing the selection of class counsel. *See In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*, 08 M.D.L. 1963 (RWS), 2008 U.S. Dist. LEXIS 106327, at *36, 2009 WL 50132, at *11 (S.D.N.Y. Jan. 5, 2009). The Rule 23(g)(1)(A) criteria that a Court "must consider" are:

(i)    the work counsel has done in identifying or investigating potential claims in the action;

(ii)   counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii)  counsel's knowledge of the applicable law; and

(iv)  the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). None of these factors is individually determinative; they are intended to provide a framework for the Court to analyze and determine whether counsel can

fairly and adequately represent the class.  Further, the Court, in its discretion, may consider any

other criteria it deems pertinent to evaluate counsel's ability to represent the class. Fed. R. Civ.

P. 23(g)(1)(B).  When presented with a single application (by one or more firms) for

appointment as class counsel, Rule 23(g)(2) provides that the Court may appoint such applicants

only if they are "adequate under Rule 23(g)(1) and (4)."  Fed. R. Civ. P. 23(g)(2).  When

competing applications for appointment are filed, the Court must appoint the counsel "best able

to represent the interests of the class."  *Id*.

For the reasons set forth below, Lowey Dannenberg and Lovell Stewart are more than

"adequate" and, further, are the counsel "best able to represent the interests of the class" under

the mandatory Rule 23(g) criteria and otherwise.

### 1. <u>Rule 23(g)(1)(A)(i)</u>:  Lowey Dannenberg and Lovell Stewart have performed extensive work developing the claims and allegations in this action.

Lowey Dannenberg investigated the alleged conduct on behalf of Plaintiff and filed a

detailed Complaint reflecting careful and considered judgments concerning the scope of the

Class, the Defendants named, as well as the claims asserted.  As part of its extensive

investigation, Lowey Dannenberg, among other things: (a) reviewed Sterling LIBOR-based

derivatives prices and pricing, and other relevant market data; (b) performed in-depth economic

analysis, using its own proprietary software to analyze thousands of data points, including bids,

offers, and transaction prices of Sterling LIBOR-based derivatives during the Class Period; (c)

consulted with market participants; and (d) consulted prior legal research developed and used to

lead numerous successful Sherman Act, CEA and RICO class actions and prosecutions of other

benchmark rate manipulation class actions.

Both Lowey Dannenberg and Lovell Stewart actively develop, test and refine their legal

knowledge regarding benchmark rate manipulation cases by litigating class actions in this

District and nationally.  Most pertinent to this application, Lowey Dannenberg and Lovell Stewart are presently pursuing claims—as Court-appointed counsel or otherwise (*see* I.A.2 *infra*)—similar to those raised in this Complaint in class actions involving the four other major benchmark rates:

- ***Sonterra Capital Master Fund Ltd. v Credit Suisse Group AG et al.***, Case No. 15-cv-871 Dkt. No. 29 (May 13, 2015) (S.D.N.Y.) ("*Swiss Franc Litig.*") alleging the manipulation of the Swiss Franc LIBOR and Swiss Franc LIBOR-based derivatives prices and pricing by, among others, Deutsche Bank, RBS, and UBS;

- ***Sullivan v. Barclays PLC et al.***, Case No. 13-cv-02811 (S.D.N.Y.) ("*Euribor Litig.*"), alleging the intentional and systematic manipulation of the Euribor by Barclays, Rabobank, Deutsche Bank, RBS, and UBS, among others;

- ***In re LIBOR-Based Financial Instruments Antitrust Litig.***, Case No. 11-md-2262 (S.D.N.Y.) ("*USD LIBOR Litig.*") alleging the manipulation USD LIBOR and Eurodollar futures contracts by institutions, including Barclays, Deutsche Bank, Lloyds, RBS and UBS;

- ***Laydon v. Mizuho Bank, Ltd. et al.***, Case No. 12-cv-03419 (GBD) (S.D.N.Y.) ("*Euroyen Litig.*"), alleging the intentional and systematic manipulation (through false reporting and other unlawful means) of the Yen-LIBOR and the Tokyo Interbank Offered Rate ("Euroyen TIBOR") by some of the world's largest financial institutions, including Barclays, Rabobank, Deutsche Bank, RBS, and UBS.

The extensive overlap of defendants in each of these cases allows Lowey Dannenberg and Lovell Stewart to develop insights as to the people and methods used to manipulate these global benchmark rates, which has informed and will continue to inform the strategy employed in this action.

Lowey Dannenberg and Lovell Stewart have also relied upon their experience developed in other benchmark rate and false reporting manipulation cases where they acted as Court-appointed class counsel such as:

- ***In re London Silver Fixing Ltd., Antitrust Litig.***, Case No. 14-md-2573 (VEC) (S.D.N.Y.) ("*Silver Fix Litig.*"), alleging the manipulation of the London Silver Fix, a global benchmark that impacts the value of more than $30 billion in silver

and silver financial instruments traded each year, by institutions including Deutsche Bank and UBS; and

- ***In re Natural Gas Commodity Litig.***, 03-cv-6186 (VM) (S.D.N.Y.) ("*In re Natural Gas*"), alleging false reporting of physical natural gas price and volume information by more than 20 large energy companies to leading natural gas industry publishers.

Since the filing of this action, Lowey Dannenberg and Lovell Stewart have worked efficiently and effectively in advancing the interests of the putative Class.  These efforts include, among other things, (a) continuing to build on Lowey Dannenberg's pre-complaint investigation; (b) conducting additional economic analyses of Sterling LIBOR-based derivatives prices and pricing, and other relevant market data during the Class Period; and (c) performing additional investigative tasks and market analysis.  Moreover, Lowey Dannenberg and Lovell Stewart's expertise developed in the other benchmark interbank offered rate cases, particularly *USD LIBOR*, *Euroyen*, and *Euribor Litig.*, has allowed the firms to develop a blueprint of how to litigate this benchmark rate manipulation case and manage the changing landscape of information that impacts the case. For example, Lowey Dannenberg and Lovell Stewart rapidly recognized the significance of recent public disclosures by certain banks and began preparing an amended complaint that names additional defendants and asserts more detailed allegations.

The firms also continue their efforts to gather information and evidence that will help lead to a successful outcome in this and other benchmark litigation claims.  The firms follow developments in each case on constant basis, with Lowey Dannenberg even sending personnel abroad and employing private investigators to monitor developments at the criminal trials of some of the key figures involved in benchmark rate manipulations at the various banks.

6

**2. Rule 23(g)(1)(A)(ii):** **Lowey Dannenberg and Lovell Stewart have extensive experience in handling the types of claims asserted in this action.**

As court-appointed lead or co-lead class counsel or individual plaintiff's counsel, Lowey Dannenberg and Lovell Stewart are presently prosecuting the principal cases involving the manipulation, false reporting and other restraints of trade in the setting of global financial benchmarks, including the top global benchmarks:

- ***USD LIBOR Litig.***, Case No. 11-md-2262, Dkt. No. 66 (Nov. 29, 2011). (S.D.N.Y.).  The Court appointed Lovell Stewart as co-lead class counsel for a class of exchange-based plaintiffs suing banks for, *inter alia*, manipulating USD LIBOR and Eurodollar futures contracts;

- ***Euroyen Litig.***, Case No. 12-cv-03419, Dkt. No. 99 (Aug. 29, 2012) (S.D.N.Y.). The Court appointed Lowey Dannenberg as lead class counsel representing major institutional investors, including the California State Teachers' Retirement System ("CalSTRS")[3] in litigation arising from the manipulation of Euroyen TIBOR and Yen-LIBOR by financial institutions;

- ***Euribor Litig.***, Case No. 13-cv-02811 (S.D.N.Y.).  Lowey Dannenberg and Lovell Stewart are serving as co-counsel for CalSTRS and a class of investors asserting CEA, Sherman Act, and common law claims arising from the manipulation of Euribor by financial institutions; and

- ***Swiss Franc Litig.***, Case No. 15-cv-871 Dkt No. 29 (May 13, 2015) (S.D.N.Y.) The Court appointed Lowey Dannenberg as lead class counsel for a class of investors asserting CEA, Sherman Act, RICO and common law claims against banks manipulating Swiss Franc LIBOR and the prices of Swiss Franc LIBOR-based derivatives.

Additionally, in a contested leadership application process in the *Silver Fix Litig.*, the Court appointed Lowey Dannenberg as co-lead counsel for a class of silver investors, including buyers and sellers of physical silver and Commodity Exchange Inc. ("COMEX") silver futures contracts, pursuing antitrust claims against banks that allegedly colluded to fix the price of silver and silver financial instruments.  In appointing Lowey Dannenberg, the judge praised Lowey

---

[3] CalSTRS is the largest U.S. teachers' retirement fund, with approximately $188.3 billion in assets under management and nearly one million members.

Dannenberg's experience, approach to developing the complaint, attention to details, and the expert resources that the firm brought to bear on behalf of the class. *Silver Fix Litig.*, Case No. 14-md-2573, Dkt. No. 17 (November 25, 2014) (S.D.N.Y.) (Caproni, J.).

Lowey Dannenberg and Lovell Stewart, as court-appointed lead, co-lead class counsel or individual plaintiff's counsel, have achieved substantial recoveries in the most significant and complex commodity manipulation actions since the enactment of the CEA. *See, e.g.*:

- *In re Sumitomo Copper Litig.*, Master File No. 96 CV 4854 (S.D.N.Y.) (Pollack, J.) ("*Sumitomo*"). Lovell Stewart, as lead counsel, and Lowey Dannenberg, as one of three executive committee members leading the prosecution, achieved a settlement on behalf of the certified class of COMEX copper futures traders **in excess of $149 million**, which is, to our knowledge, the largest class action recovery in the history of the CEA;

- *Hershey v. Pacific Inv. Mgmt. Co.*, Case No. 05-C-4681 (RAG) (N.D. Ill.) ("*Pimco*"). Lovell Stewart served as lead class counsel, and Lowey Dannenberg served as counsel to certified class representative Richard Hershey, in an action alleging manipulation of Chicago Board of Trade ("CBOT") U.S. 10-Year Treasury Note futures contracts, **which settled for $118.75 million**, the second largest recovery in the history of the CEA;

- *In re Natural Gas*, Master File No. 03 CV 6186 (S.D.N.Y.) (Marrero, J.). Lowey Dannenberg and Lovell Stewart served as co-lead counsel in this certified CEA class action alleging false reporting of physical natural gas price and volume information by more than 20 large energy companies to leading natural gas industry publishers whose natural gas price indices were used to price and settle hundreds of millions of dollars in exchange traded natural gas derivatives. Lowey Dannenberg and Lovell Stewart achieved **recoveries in excess of $101 million** on behalf of a certified class of New York Mercantile Exchange Inc. ("NYMEX") natural gas futures and options traders. This was the third largest commodity manipulation class action recovery in the history of the CEA; and

- *In re Amaranth Natural Gas Commodities Litig.*, Master File No. 07 Civ. 6377 (S.D.N.Y) (Scheindlin, J.) ("*Amaranth*"). Lowey Dannenberg and Lovell Stewart served as co-lead counsel in this certified CEA class action alleging manipulation of NYMEX natural gas futures and options contracts in 2006 by Amaranth LLC, one of the country's largest hedge funds, prior to its widely-publicized multi-billion dollar collapse in September 2006. Lowey Dannenberg and Lovell Stewart achieved **settlements totaling $77.1 million**, more than ten times the amount recovered by the Federal Energy Regulatory Commission ("FERC") and the Commodity Futures Trading Commission ("CFTC"). The settlements in

8

*Amaranth* represent the fourth largest commodity manipulation class recovery in the history of the CEA.

Lovell Stewart, through its founding partner Christopher Lovell, Esq. and its other attorneys, (1) authored the *Leist* plaintiffs' successful U.S. Supreme Court brief in 1981 in the original case which implied a private right of action under the CEA for manipulation[4]; (2) tried a CEA manipulation claim and obtained a jury verdict in 1983 for virtually all of the requested damages (and upheld such verdict on appeal) in what was reportedly the **first** commodity futures manipulation claim to be tried under the amended CEA[5]; and (3) has repeatedly been appointed as class counsel in numerous cases alleging, like here, violations of both the CEA and the Sherman Act.[6]

Finally, there are complexities involving benchmark manipulation cases that other firms are unlikely to have experienced.  For example, other benchmark rate manipulation cases have involved defendants cooperating with the United States Department of Justice in hopes of securing conditional leniency pursuant to the Antitrust Criminal Penalty Enhancement and Reform Act (Pub. L. No. 108-237, tit. II, 118 Stat. 661, 665, extended by Pub. L. No. 111-190, 124 Stat. 1275) ("ACPERA").  Lowey Dannenberg and Lovell Stewart have worked with the DOJ and ACPERA conditional leniency applicant to navigate issues such as government

---

[4] *Leist v. Simplot*, 638 F.2d 283 (2nd Cir. 1980), *aff'd*, *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran*, 456 U.S. 353, 102 S.Ct. 1825 (1982).

[5] *Strobl v. New York Mercantile Exch.*, 582 F. Supp. 770 (S.D.N.Y 1984), *aff'd*, 768 F.2d 22 (2d Cir. 1985).

[6] *See, e.g.*, *In re: Platinum and Palladium Commodities Litigation*, 10-cv-3617, Dkt. Nos. 293, 294 (S.D.N.Y.) (Lovell Stewart acted as sole lead counsel in action that alleged violations of CEA and Sherman Act and obtained settlements valued in excess of $70 million that were finally approved by the Court on February 27, 2015); *In re Dairy Farmers of America, Inc. Cheese Antitrust Litig.*, 09-cv-03690, Dkt. Nos. 668 (N.D. Ill.) (Lovell Stewart acted as sole lead counsel in action that alleged violations of the CEA and Sherman Act and obtained a $48 million settlement that was finally approved on September 12, 2014); *In re Crude Oil Commodity Futures Litig.*, 11-cv-03600, Dkt. No. 290 (S.D.N.Y.) (Lovell Stewart acted as co-lead counsel in action that alleged violations of the CEA and Sherman Act and obtained a $16.5 million settlement that was preliminarily approved by the Court on June 8, 2015).

requests for a stay of discovery in private litigation, proffers and disclosures of information, and cooperation.  Lowey Dannenberg's and Lovell Stewart's lawyers are well-versed in these and other issues and will quickly mobilize their resources to utilize an ACPERA applicant (if one should emerge in this case) to further Plaintiff's and the Class' case.

**3.   Rule 23(g)(1)(A)(ii): Lowey Dannenberg and Lovell Stewart have extensive experience handling other types of class actions and complex litigation.**

In addition to Lowey Dannenberg's extensive experience and success in actions involving manipulation and restraints of trade of commodity and commodity futures markets, Lowey Dannenberg has represented sophisticated clients in complex federal securities, antitrust and RICO-based litigation for the past 40 years, achieving recoveries in excess of one billion dollars. These clients include Fortune 100 companies such as Aetna Inc., Anthem, Inc., CIGNA, Horizon BC/BS of New Jersey, Humana Inc., and Verizon, Inc., the nation's largest pension funds, *e.g.*, CalSTRS, the New York State Common Retirement Fund and New York City Pension Funds, and sophisticated institutional investors, including Federated Investors, Inc., an investment firm with more than $355 billion in assets under management.  In the 2013 and 2014 editions of *Corporate Counsel* magazine's "In House Law Departments at the Top 500 Companies," Lowey Dannenberg is named a "Go-to Law Firm" for litigation services by its longtime clients, Aetna Inc. and Humana Inc.

Recent representative cases of Lowey Dannenberg's experience in other complex litigation include:

- ***Norfolk County Retirement System v. Community Health Systems, Inc. et al.***, Case No. 11-cv-433 (M.D. Tenn.).  Lowey Dannenberg represents New York City Pension Funds and was appointed lead counsel in a securities fraud class action matter; and

- ***In re Wellbutrin XL Antitrust Litig.***, Case No. 08-cv-2431 (MAM) (E.D. Pa.).  Lowey Dannenberg is currently co-lead counsel for a certified litigation class of

end payors in an antitrust suit related to "pay for delay" claims involving Wellbutrin XL.

Lovell Stewart and its predecessors have achieved class action settlements that recovered, after deduction for all costs and attorneys' fees, 100 cents on each dollar of losses[7] of each claiming class member in **five** separate class actions.[8]  Furthermore Lovell Stewart has (1) achieved what were then the largest class action recoveries under **three** separate federal statutes;[9] (2) obtained what was reportedly the first Court of Appeal decision overturning a dismissal of a price fixing complaint under *Bell Atl. Corp v. Twombly*, 127 S.Ct. 1955 (2007);[10] and (3) has repeatedly upheld, on Rule 23(f) interlocutory appeal, numerous district court decisions certifying classes in CEA manipulation cases.[11]

---

[7] "Losses" means single, actual damages, exclusive of trebling and also exclusive of any prejudgment interest.

[8] *In re NASDAQ Market-Makers Antitrust Litigation*, 187 F.R.D. 465 (S.D.N.Y. 1998) ($1,027,000,000 settlement); *In re Sumitomo Copper Litig.*, 74 F. Supp. 2d 393, 395 (S.D.N.Y. 1999) ($149,600,000 settlement); *Blatt v. Merrill Lynch Fenner & Smith Inc.*, 94 Civ. 2348 (JAG) (D.N.J.) ($70,000,000 settlement); *In re Soybeans Futures Litigation*, 89 Civ. 7009 (CRN) (N.D. Ill.) ($21,500,000 settlement); and *Kaplan v. E.F. Hutton Group, Inc., et al.*, Civ. Action No. 88-00889 (N.Y. Sup. Ct.) ($8,180,000 settlement).

[9] *See In re NASDAQ Market-Makers Antitrust Litigation*, 187 F.R.D. at 471 ("this all-cash settlement [for $1,027,000,000], achieved through 'four years of hard-fought litigation,' apparently is the largest recovery (class action or otherwise) in the hundred year history of the state and federal antitrust laws."); *In re Sumitomo Copper Litig.*, 74 F. Supp. 2d at 395 ("The recovery is the largest class action recovery in the 75 plus year history of the Commodity Exchange Act"); *Blatt v. Merrill Lynch Fenner & Smith Inc.*, 94 Civ. 2348 (JAG) (D.N.J.) ("by far the largest settlement" of class action claims under the Investment Company Act, *Securities Class Action Alert* letter dated August 17, 2000).

[10] *Starr v. Sony BMG Music Entertainment*, 592 F.3d. 314 (2d Cir. 2010).

[11] *In re Amaranth Natural Gas Commodities Litig.*, 269 F.R.D. 366 (S.D.N.Y. 2010) *petition for review denied*, 10-4110-cv (2d Cir. Dec. 30, 2010); *Kohen v. Pacific Investment Management Co. LLC*, 244 F.R.D. 469 (N.D. Ill. 2007), *aff'd* 571 F.3d 672 (7th Cir. July 7, 2009) (Posner J.) *petition for rehearing and rehearing en banc denied* (7th Cir. July 31, 2009) *petition for certiorari denied* 130 S.Ct. 1504 (2010); *In re Natural Gas Commodities Litig.*, 231 F.R.D. 171 (S.D.N.Y. 2005); *petition for review denied*, 05-5732-cv (2d Cir. Aug. 1, 2006); and *In re Sumitomo Copper Litig.*, 182 F.R.D. 85 (S.D.N.Y. 1998); *In re Sumitomo Copper Litig.*, 194 F.R.D. 480 (S.D.N.Y. 2000), *appeal denied*, 262 F.3d 134 (2d Cir. 2001).

**4.** <u>**Rule 23(g)(1)(A)(iii):**</u>  **Through its many cases, Lowey Dannenberg and Lovell Stewart have developed extensive knowledge of the applicable laws involved in litigating this action.**

The best indicator of an attorney's knowledge of the applicable law is the attorney's experience with such law.  As detailed above, Lowey Dannenberg's and Lovell Stewart's institutional knowledge of the law applicable to the claims asserted in this action is reflected in its extensive experience in successfully prosecuting complex commodity manipulation and antitrust cases.  *See* I.A.2 *supra.*  The firms' experience in leading financial benchmark and commodity manipulation litigation is second to none.  *Id.*

Moreover, beyond the actual claims themselves, Lowey Dannenberg is skilled at the substantive and procedural aspects of managing complex litigation.  For example, Lowey Dannenberg is well-versed in the various discovery issues that may be raised in the course of this type of litigation, particularly given the claims likely involve international discovery components, and how to address them.  Lowey Dannenberg has implemented strategic electronic discovery plans and has dealt with international discovery disputes involving foreign data privacy and foreign privilege objections.  Lowey Dannenberg's *Euroyen Litig.* case is the first of the interbank offered rate benchmark manipulation cases to proceed to discovery (which commenced on May 15, 2015).  As mentioned previously, Lowey Dannenberg has worked with ACPERA conditional leniency applicants and understands the legal and factual nuances and challenges associated with receiving cooperation.  Lowey Dannenberg's legal and practical knowledge will benefit the Class.

Lovell Stewart is one of only a small group of law firms that has successfully taken antitrust claims to trial in the Southern District of New York.  The first time Lovell Stewart did so was in a case that involved, as does this case, claims under both the federal antitrust laws and the Commodity Exchange Act.  *See* fn. 5 *supra* citing *Strobl.*  Lovell Stewart's senior partner,

Christopher Lovell, has argued before eight Courts of Appeal, the United States Supreme Court

and was described in *Bloomberg Markets* magazine as follows:

> "To classify Pacific Investment Management Co. [managed by CEO and founder Bill Gross] as a large mutual fund family does it little justice.  Its $747 billion in bond assets almost matches the gross domestic product of Australia . . . . Pimco has found itself up against a formidable opponent in [Christopher] Lovell.  What [Bill] Gross is to the world of bonds, [Christopher] Lovell is to commodities-manipulation and price-fixing lawsuits."

Seth Lubove and Elizabeth Stanton, *Pimco Power in Treasuries Prompts Suits*, Bloomberg

Markets, February 20, 2008.

### 5. **Rule 23(g)(1)(A)(iv)**:  **Lowey Dannenberg and Lovell Stewart will commit more than ample resources to representing the Class.**

Lowey Dannenberg and Lovell Stewart have over 78 years of combined experience in

prosecuting and funding complex class action litigation.  The firms have advanced millions of

dollars on behalf of the classes they have represented, are currently well-capitalized, and are

prepared to advance similar substantial sums in the prosecution of this case.  For one example,

Lovell Stewart previously advanced almost $3 million in expenses in *In re IPO Sec. Litig.*, No.

21 MC 92 (S.D.N.Y.) (SAS).  The firms have also developed their own proprietary software

programs to analyze data relating to benchmark manipulation and have used the programs in

other cases, giving them a significant advantage in analyzing Defendants' conduct.  Lowey

Dannenberg also has the capability to conduct end-to-end e-discovery in-house.  Running its own

instance of Relativity, Lowey Dannenberg is able to leverage cutting-edge review techniques,

including conceptual search and predictive coding, allowing the firm to bypass traditional e-

discovery vendor charges for data processing, analytics, and hosting, all resulting in significant

cost savings and document review efficiencies for the class.

Furthermore, Lowey Dannenberg and Lovell Stewart are experienced class litigation

attorneys.  Vincent Briganti and Geoffrey Horn lead Lowey Dannenberg's commodity litigation

practice.  Together, they have nearly forty years of experience prosecuting CEA cases and have been responsible for some of the largest CEA recoveries in history.  They are considered experts in financial benchmark and commodity manipulation litigation and will be leading Lowey Dannenberg's effort in this case along with a team of lawyers.

Christopher Lovell is a well-recognized expert in the field of CEA manipulation litigation.  Mr. Lovell has spoken about commodity futures manipulation and antitrust litigation matters to the American Bar Association, PLI and other attorney audiences.  Mr. Lovell has almost thirty years of experience litigating commodity manipulation and price fixing cases, and leads Lovell Stewart's team of attorneys who will represent the Class.  *See* I.A.3 *supra*.

The firms are prepared to bring all these resources to bear in this litigation.

### 6. The Rule 23(g)(1)(B) discretionary factors also favors appointment of Lowey Dannenberg and Lovell Stewart.

Rule 23(g)(1)(B) states that courts "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."

Through its extensive multi-decade experience prosecuting commodity manipulation actions, Lowey Dannenberg and Lovell Stewart have developed significant relationships with industry experts, economists, sophisticated futures market participants, former exchange officials, regulatory personnel, and settlement administration experts.  Lowey Dannenberg and Lovell Stewart's extensive relationships combined with the firms' litigation experience gives them a significant knowledge advantage that facilitates the successful prosecution of commodity and futures markets class actions, such as this one.

## <u>CONCLUSION</u>

For the stated reasons, this Court should enter the Order Appointing Interim Class Counsel and appoint Lowey Dannenberg and Lovell Stewart as Interim Class Counsel for Plaintiff and the proposed Class.

Dated:  June 10, 2015

                                           Respectfully submitted,

                                           **LOWEY DANNENBERG COHEN**
                                           **& HART, P.C.**

                                           By:  */s/ Geoffrey M. Horn*
                                           Geoffrey M. Horn
                                           Vincent Briganti
                                           Peter St. Phillip
                                           1 North Broadway, 5th Floor
                                           White Plains, NY 10601
                                           Tel.: (914) 997-0500
                                           Fax: (914) 997-0035
                                           Email: ghorn@lowey.com
                                                   vbriganti@lowey.com
                                                   pstphillip@lowey.com

                                           **LOVELL STEWART HALEBIAN**
                                           **JACOBSON LLP**

                                           By:  */s/ Christopher Lovell*
                                           Christopher Lovell
                                           61 Broadway, Suite 501
                                           New York, NY 10006
                                           (212) 608-1900
                                           (212) 719-4677 (fax)

                                           *Counsel for Plaintiff and Proposed Interim Class*
                                           *Counsel*