October 9, 2015

**By ECF**

Honorable Vernon S. Broderick, United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:  *Sonterra Capital Master Fund, Ltd. v. Barclays Bank plc, et al.*, No. 15-cv-3538 (VSB)

Dear Judge Broderick:

Pursuant to the Court's July 8, 2015 Order (ECF No. 17), Plaintiff Sonterra Capital Master Fund, Ltd. ("Sonterra") and all defendants ("Defendants") hereby submit this joint letter regarding the status of the above-referenced action.

**Brief Description of the Nature of the Action and Principal Defenses**.  The parties refer to and incorporate by reference Defendants' September 25, 2015 pre-motion letter (ECF No. 48) ("Defendants' Pre-Motion Letter") and Sonterra's September 30, 2015 response (ECF No. 49) (the "Response Letter").

**Jurisdiction and Venue**.  Sonterra is organized under the laws of Delaware and the Cayman Islands and maintains its principal place of business in New York.  Sonterra contends that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337(a), and pursuant to §§ 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15(a) and 26, and § 22 of the Commodity Exchange Act, 7 U.S.C. § 25, in addition to § 1964 of RICO, 18 U.S.C. § 1964.  Sonterra contends that venue is proper in this District pursuant to, among other statutes, §§ 4, 12, and 16 of the Clayton Act, 15 U.S.C. §§ 15(a), 22 and 26, § 22 of the Commodity Exchange Act, 7 U.S.C. § 25, § 1965 of RICO, 18 U.S.C. § 1965, and 28 U.S.C. § 1391(b), (c), and (d).

As summarized in Defendants' Pre-Motion Letter, all but one of the Defendants (Barclays Capital Inc.) dispute this Court's jurisdiction over them in this action.  Defendants are: Barclays Bank plc (incorporated in United Kingdom and principal place of business ("PPB") in London); Barclays Capital Inc. (incorporated in Connecticut and PPB in New York); Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A. (incorporated in the Netherlands and PPB in Utrecht); Deutsche Bank AG (incorporated in Germany and PPB in Frankfurt); Lloyds Banking Group plc (incorporated in the United Kingdom and PPB in London); the Royal Bank of Scotland plc (incorporated in the United Kingdom and PPB in Edinburgh, Scotland); and UBS AG (incorporated in Switzerland and PPB in Zurich).  As summarized in Defendants' Pre-Motion letter, Defendants contend that none of the six foreign defendants is subject to general personal jurisdiction, and none of the defendants is subject to specific jurisdiction in this action because Sonterra fails to allege any "suit-related" contacts with New York (or anywhere in the United States) sufficient to support such jurisdiction.  Further, as summarized in Defendants'

Pre-Motion Letter, Defendants contend that the Court lacks subject matter jurisdiction over the antitrust, CEA, and RICO claims because Sonterra lacks standing to bring those claims. Sonterra contends that it has adequately alleged facts which demonstrate personal jurisdiction over all defendants and its standing to sue.

**Contemplated/Outstanding Motions**. There is one outstanding and one contemplated motion:

- Sonterra filed a motion to appoint interim class counsel (ECF No. 6) on June 10, 2015; Defendants have taken no position on that motion, and it remains pending.

- As set forth in Defendants' Pre-Motion Letter and described above, Defendants intend to move to dismiss the amended complaint pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6); Sonterra submitted its Response Letter on September 30, 2015, and a pre-motion conference is set for October 16, 2015. The parties have conferred and jointly request that the Court direct that the motion to dismiss be briefed on the following schedule: (a) moving papers filed no later than November 13, 2015; (b) opposition papers filed no later than January 13, 2016; and (c) reply papers filed no later than February 12, 2016. This schedule is consistent with the parties' previous stipulation and scheduling order, which the Court so ordered on May 26, 2015 (ECF No.4) (the "May 26 Order").

- In addition, and as provided for in the May 26 Order, after Sonterra receives Defendants' motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), Sonterra may seek leave of Court to conduct jurisdictional discovery and additional time to file its opposition to Defendants' Rule 12(b)(2) motion, and Defendants may oppose any such request. Sonterra requests that the Court permit it to file a letter motion requesting jurisdictional discovery within seven (7) business days following receipt of Defendants' anticipated Rule 12(b)(2) motion.

**Discovery to Date**. No discovery has taken place; pursuant to the May 26 Order (ECF No. 4), discovery is stayed pending resolution of Defendants' motions to dismiss (subject to the potential jurisdictional discovery described above).

**Settlement**. The parties have not discussed the possibility of settlement. Both Sonterra and Defendants believe that such discussions are premature at this stage of the proceedings.

**Estimated Length of Trial**. Both Sonterra and Defendants believe that it is premature to accurately estimate the length of trial at this stage of the proceedings.

Honorable Vernon S. Broderick — - 3 - — October 9, 2015

    Sonterra's counsel have authorized Defendants' counsel to electronically sign and file this joint status letter.

    Respectfully submitted,

| /s/ Geoffrey M. Horn | /s/ Marc J. Gottridge |
|---|---|
| Geoffrey M. Horn<br>Christopher Lovell | Marc J. Gottridge |
| *On behalf of Plaintiff* | *On behalf of all Defendants* |

cc:  All counsel (via ECF)