

**New York**
White Plains Plaza
One North Broadway
White Plains, NY 10601-2310

914-997-0500 Telephone
914-997-0035 Fax

**Pennsylvania**
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohoken, PA 19428-2977

610-941-2760 Telephone
610-862-9777 Fax

www.lowey.com

February 1, 2016

**VIA ECF**
The Honorable Vernon S. Broderick
United States District Court
 for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

A pre-motion conference will be held on February 11, 2016 at 11:30am in Courtroom 518 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York. Defendants are directed to submit a letter response to Plaintiffs' pre-motion letter, (Doc. 14), on or before February 5, 2016.

**SO ORDERED:**

*[Signature]* Vernon Broderick
HON. VERNON S. BRODERICK  2/2/2016
UNITED STATES DISTRICT JUDGE

Re:    *FrontPoint European Fund, L.P., et al.*, Case No. 15-cv-464 (VSB) (the "*FrontPoint* Action"); *Sonterra Capital Master Fund, Ltd. v. Barclays Bank PLC*, Case No. 15-cv-[...]

Dear Judge Broderick:

      We represent Plaintiffs FrontPoint European Fund, L.P. ("FrontPoint") and Richard Dennis ("Dennis") in the *FrontPoint* Action and Plaintiff Sonterra Capital Master Fund, Ltd. ("Sonterra"). We write pursuant to Rule 4A of Your Honor's Individual Rules & Practices in Civil Cases to request a pre-motion conference in connection with our anticipated motion to consolidate these cases under FED. R. CIV. P. 42(a). The *FrontPoint* Action has been accepted as related to the *Sonterra* Action and has been assigned to Your Honor.[1] *See Frontpoint* Action, ECF No. 13. Counsel for the defendants have advised us that they oppose consolidation.

      Plaintiffs in the two cases bring the same claims against the same bank and interdealer broker defendants for manipulation in the market for derivatives priced-based on the London Inter-Bank Offered Rate for British Pound Sterling ("Sterling LIBOR"). These actions are identical in scope, substance, defendants, and class definition. The *FrontPoint* Action adds one new claim[2] and some additional facts publicly revealed in related government actions. Consolidation of these actions will promote judicial efficiency by narrowing the issues to be briefed in two ways:

      *First*, the defendants (who are the same in these two actions) raised arguments in their motion to dismiss concerning Sonterra's statutory standing to bring CEA claims. *See Sonterra* Action ECF No. 66, page 3, 4, 10-11. While we disagree with these arguments, the Sterling LIBOR-based derivatives traded by the *FrontPoint* Plaintiffs – including Sterling-LIBOR swaps and exchange traded futures contracts – moot

---

[1] Pursuant to S.D.N.Y. Rule 13(a), actions are related when "(A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses." S.D.N.Y. Local Rule 13(a).

[2] Because FrontPoint contracted directly with Defendant UBS, it brings an additional claim against UBS for breach of the implied covenant of good faith and fair dealing.



Letter to The Honorable Vernon S. Broderick
February 1, 2016
Page 2

these assertions.[3] *Second*, UBS contracted directly with FrontPoint, a U.S. counterparty, through an ISDA Master Agreement in which the parties consented to both venue and jurisdiction in this Court (therefore putting to rest any lingering dispute regarding this Court's proper exercise of jurisdiction herein). We believe tailored discovery would reveal similar U.S.-based contracts with respect to the other defendants.

For these reasons, as explained more fully below, consolidation of the *FrontPoint* and *Sonterra* Actions pursuant to FED. R. CIV. P. 42(a) is appropriate.

### A. Consolidation is Appropriate Because the Actions Are Based on the Same Alleged Wrongdoing, Rely on the Same Evidence, and Assert Overlapping Claims on Behalf of the Same Putative Class Against the Same Defendants

The standard for consolidation is permissive, and a court has "broad discretion" (*Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997)) to consolidate cases, particularly when doing so promotes judicial economy. *Johnson v. Celotex Corp.*, 899 F.2d. 1281, 1285 (2d Cir. 1990). So much so, courts in this District routinely consolidate cases *sua sponte* where the interests of judicial economy would be served. *See Prince of Peace Enters. v. Top Quality Food Mkt., LLC*, Nos. 07-cv-349 (RJH), 07-cv-6195 (RJH), 2007 U.S. Dist. LEXIS 59239, at *3 (S.D.N.Y. July 23, 2007) (quoting *Devlin v. Transportation Communs. Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999)) (*sua sponte* consolidating related cases involving differing claims but many of the same parties and nearly identical factual allegations). Consolidation under FED. R. CIV. P. 42(a) requires only a single common question of law or fact. FED. R. CIV. P. 42(a) (consolidation is appropriate if the "actions involve *a common question* of law or fact.") (emphasis added).

The *FrontPoint* and *Sonterra* complaints are based on the **same** facts, including the **same** guilty pleas, government settlements, and admissions of defendants' rigging of Sterling LIBOR, and assert the **same** claims (eight out of nine claims for relief) against the **same** defendants, on behalf of the **same** putative class for the **same** class period, making consolidation appropriate. The differences between the two complaints are slight, *e.g.*, the *FrontPoint* complaint describes the new plaintiffs and their respective transactions in Sterling LIBOR-based derivatives (¶¶ 28-31, 36-37, 181-188), includes one additional claim for relief – breach of the implied covenant of good faith and fair dealing – against Defendant UBS (¶¶ 288-293), and includes some additional facts revealed in related government actions (¶¶ 134-138). These minor differences do not prevent consolidation. *See, e.g., In re Facebook, Inc.*, 288 F.R.D. 26, 34 (S.D.N.Y. 2012), quoting *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) (consolidation appropriate even in cases where there "are differences in causes of action, defendants, or the class period").

### B. The Early Procedural Posture Favors Consolidation and Avoids Prejudice to any Party

The complaint in the *Sonterra* Action was filed on May 6, 2015 and was amended on July 24, 2015

---

[3] Sonterra's opposition to the defendants' motion to dismiss alerted the defendants to the likelihood of additional plaintiffs joining the case to obviate their CEA standing arguments (*Sonterra* Action, ECF No. 83, pages 48-49). And even though the first-filed *Sonterra* Action was commenced without the *FrontPoint* plaintiffs as named parties, the financial instruments they traded (swaps and futures contracts) were included in the proposed class. *Compare Sonterra* Action ECF No. 18 ¶¶ 84, 112, 241-255 (the "*Sonterra* Complaint") and *FrontPoint* Action ECF No. 1 ¶¶ 89, 117 (the "*FrontPoint*" Complaint).



Letter to The Honorable Vernon S. Broderick
February 1, 2016
Page 3

(*Sonterra* Action, ECF No. 18). The defendants filed a motion to dismiss in *Sonterra* on November 13, 2015; Plaintiff filed opposition on January 13, 2016; and the defendants' reply is due February 12, 2016. The *FrontPoint* Action was filed on January 21, 2016. Both actions are still at the pleading stage; no answers have been filed, no discovery has been conducted, and there have been no rulings on dispositive motions in either case. Accordingly, there is no prejudice to any party by consolidating the cases, and all parties will benefit from the cost-savings of not having to litigate and re-litigate the same issues.

### C. Consolidation will Promote Judicial Efficiency

Unless the *Sonterra* and *FrontPoint* actions are consolidated, there will be duplicative discovery practice, motions to dismiss, class certification motions, and summary judgment motions all involving overlapping, common issues of law and fact. Trials, appeals, and decisions may have inconsistent results. *See Int'l Paving Sys., Inc. v. Van-Tulco, Inc.*, 806 F. Supp. 17, 22 (E.D.N.Y. 1992) ("'One of the primary objectives of consolidation is to prevent separate actions from producing conflicting results.'") (quoting *Bank of Montreal v. Eagle Assoc.*, 117 F.R.D. 530, 533 (S.D.N.Y. 1987)). Multiple motions to dismiss by the defendants are already pending before the Court in the *Sonterra* Action. It would be inefficient to litigate these same legal disputes twice. *See, e.g., Blessing v. Sirius XM Radio Inc.*, 756 F. Supp. 2d 445, 460-61 (S.D.N.Y. 2010) (refusing to bifurcate consolidated class action where efficiency would not be advanced and would likely result in "revision of the pretrial scheduling order, two hearings on class certification, two submissions of pretrial materials involving inevitable redundancies, two trials for which at least some of the testimony and witnesses will be identical, twice the number of jurors, and likely two rounds of post-trial briefing").

For the foregoing reasons, we submit that consolidation of the *Sonterra* and *FrontPoint* Actions pursuant to FED. R. CIV. P. 42 is appropriate.

### D. Proposed Schedule

In the event the Court orders consolidation of the *Sonterra* and *FrontPoint* actions (either *sua sponte* or after motion practice), the defendants' responses can be tailored to the *FrontPoint* complaint without needless duplication of briefing already completed in the *Sonterra* action. For these reasons, we propose that the Court permit limited supplemental briefing in *FrontPoint* directed to: (i) the new plaintiffs and their respective transactions in Sterling LIBOR-based derivatives, including any other additional facts pled, and (ii) the cause of action for breach of the implied covenant of good faith and fair dealing asserted against Defendant UBS. We propose that such supplemental briefing be filed within thirty (30) days of any consolidation order, with opposition briefing served thirty (30) days thereafter, and reply briefing served fifteen (15) days thereafter. We are available to address any questions Your Honor may have.

Respectfully submitted,

Vincent Briganti

cc:   Counsel of Record in the *Sonterra* Action (via ECF)