# Hogan Lovells

Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022
T +1 212 918 3000
F +1 212 918 3100
www.hoganlovells.com

February 5, 2016

**Via ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *FrontPoint European Fund, L.P. and Richard Dennis v. Barclays Bank PLC et al.*, No. 16-cv-464 (VSB) ("*FrontPoint*"); *Sonterra Capital Master Fund, Ltd. v. Barclays Bank PLC et al.*, No. 15-cv-3538 (VSB) ("*Sonterra*")

Dear Judge Broderick:

I represent defendant Lloyds Banking Group plc and write on behalf of all Defendants: (a) to respond to the request in the pre-motion letter of Plaintiffs' counsel Vincent Briganti, Esq., dated February 1, 2016, to the Court (ECF No. 14) concerning Plaintiffs' planned motion to consolidate *FrontPoint* with *Sonterra* (the "Feb. 1 Letter"); and (b) to request a pre-motion conference on Defendants' anticipated cross-motion for a stay of proceedings in *FrontPoint* until the Court has adjudicated Defendants' motion to dismiss the Amended Complaint in *Sonterra* for lack of personal jurisdiction, lack of subject matter jurisdiction and failure to state a claim. As explained below, consolidation of *FrontPoint* (which was only commenced on January 21, 2016) with *Sonterra* (in which Defendants' motion to dismiss will be fully briefed by February 12, 2016) is unwarranted, and at a minimum would be premature. In light of the procedural posture and nearly identical issues raised by the two actions, judicial economy would best be served by staying *FrontPoint* until the Rule 12(b) motion in *Sonterra* has been decided, rather than by consolidating a newly filed action, in which no defendant has yet been served, with an action that may well soon be dismissed.

## The Procedural Posture of, and Overlapping Issues in, the Two Actions.

***Sonterra***. The one-plaintiff *Sonterra* action was commenced nearly nine months ago, on May 6, 2015; the Amended Complaint in that action was filed on July 24, 2015 (ECF No. 18). Defendants moved to dismiss that action on November 13, 2015 and Plaintiff filed its opposition papers on January 13, 2016; under the Court's scheduling order (ECF No. 61), Defendants' reply papers will be filed in just one week: by February 12, 2016.

Defendants have invested significant resources in that comprehensive motion. The six non-U.S. defendants seek dismissal of all claims for lack of personal jurisdiction. In addition, all

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante  Amsterdam  Baltimore  Beijing  Brussels  Caracas  Colorado Springs  Denver  Dubai  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  Johannesburg  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Monterrey  Moscow  Munich  New York  Northern Virginia  Paris  Philadelphia  Rio de Janeiro  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Tokyo  Ulaanbaatar  Warsaw  Washington DC  Associated offices: Budapest  Jakarta  Jeddah  Riyadh  Zagreb.  For more information see www.hoganlovells.com

seven named defendants seek dismissal of all eight claims asserted by Plaintiff, based on: lack of Article III standing; failure to state a Sherman Act claim (for lack of antitrust injury, failure to plead a restraint of trade, lack of antitrust standing, impermissible extraterritoriality, failure to plead a plausible conspiracy and on limitations grounds); failure to state a CEA claim (on limitations grounds, for lack of standing, impermissible extraterritoriality, failure to plead specific intent and to state principal-agent or aiding and abetting claims); failure to state a RICO claim (for lack of standing, impermissible extraterritoriality, failure to plead the elements of a RICO or RICO conspiracy claim and on limitations grounds); failure to state an unjust enrichment claim; and failure to state a claim against Barclays Capital Inc. based only on generic "group pleading."

***FrontPoint***. This action was filed—just 15 days ago—by the same lawyers who represent the Plaintiff in *Sonterra*. No defendant has been served. There are two Plaintiffs: FrontPoint, an investment fund that claims to have traded interest rate swaps in 2007 (*see* Complaint [ECF No. 13] ¶¶ 28, 185) and Richard Dennis, an individual who claims to have traded Sterling foreign exchange futures in 2010 (*see id.* ¶ 188). The *FrontPoint* Plaintiffs sue precisely the same Defendants, on behalf of precisely the same putative class, as in *Sonterra*; the claims in both cases are identical except that one of the two *FrontPoint* Plaintiffs asserts a breach of contract claim against one Defendant, UBS AG. FrontPoint and Mr. Dennis have not explained why they did not join *Sonterra* when that Complaint was amended and filed by the same counsel who represent them, or why they waited until briefing on the *Sonterra* motion was nearly completed before filing their own Complaint. The jurisdictional and merits grounds for dismissal of *Sonterra* that are now being briefed apply with equal force to the eight claims for relief in *FrontPoint* that duplicate the *Sonterra* claims.

## Consolidation is at Best Premature; Judicial Efficiency Instead Favors Staying *FrontPoint*.

Given the procedural posture of these cases, the factors that often support consolidation, although talismanically invoked by Plaintiffs, ring hollow here: Consolidating a case in which a Rule 12(b) motion is being briefed with one that was filed barely two weeks ago is hardly necessary to avoid "duplicative discovery practice, . . . class certification motions, and summary judgment motions," and "[t]rials, appeals, and decisions [that] may have inconsistent results." (Feb. 1 Letter at 3.) Plaintiffs offer no cognizable reason why this Court should rush to consolidate the two actions at this stage.

A recent ruling by Judge Daniels in the Japanese Yen LIBOR/Euroyen TIBOR litigation is instructive. Plaintiffs there, represented by the same lawyers representing Plaintiffs here, moved to consolidate a recently filed Yen case in which not all defendants had yet been served (*Sonterra Capital Master Fund, Ltd. v. UBS AG*) with another Yen case previously filed by those lawyers (*Laydon v. Mizuho Bank, Ltd.*, No. 12 Civ. 3419 (GBD)("*Laydon*")). Judge Daniels denied plaintiffs' motion without prejudice, explaining: "I'll reconsider that motion, but not until after all defendants have been served in that case, [and] all defendants have either answered or filed motions to dismiss. I'm particularly not going to consolidate the case simply to bring back claims that have been already dismissed out of [the *Laydon*] case." Transcript of Hearing, Oct. 8, 2015, at 5:5-12 (ECF No. 529); *see also* Order dated Oct. 8, 2015 in *Laydon* (ECF No. 524) (denying without prejudice plaintiffs' motion to consolidate).

Consolidation here should, at a minimum, await a decision by this Court as to which—if any—claims in *Sonterra* survive Defendants' motion to dismiss. If Defendants prevail on that motion, there will be no case left to consolidate with *FrontPoint*. And *any* decision by the Court on the *Sonterra* motion will necessarily address issues that are likely to be dispositive of all of the issues raised by *FrontPoint* except (a) issues unique to the breach of contract claim against UBS AG and (b) whether the *FrontPoint* plaintiffs have standing to sue (although that would be a moot point if the Court dismisses *Sonterra* on grounds other than standing). Plaintiffs, moreover, are incorrect in stating that an alleged UBS AG-FrontPoint ISDA Master Agreement "put[s] to rest" any dispute about personal jurisdiction. (Feb. 1 Letter at 2.) Any such agreement could at most assist only one Plaintiff in *FrontPoint* to establish personal jurisdiction, solely as to UBS AG, on only one claim; it would not affect the other Plaintiffs (Sonterra and Mr. Dennis) or the other Defendants—and even if jurisdiction were found as to UBS AG, that would apply to only the contract claim, not the other claims against that Defendant. *See, e.g., Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980) (plaintiff must establish basis for personal jurisdiction over "each defendant"); *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004) ("A plaintiff must establish the court's jurisdiction with respect to *each* claim asserted." (emphasis in original)). Nor would consolidation promote efficiency in adjudicating Rule 12(b) motions. On the contrary, it would inevitably delay the *Sonterra* motion, briefing of which is nearly complete.

The far more efficient course is to stay all proceedings in *FrontPoint* pending this Court's decision on the *Sonterra* motion to dismiss, because the issues raised in that motion are likely to dispose of most of the *FrontPoint* case. "Judicial economy strongly favors staying the proceedings pending resolution of the legal question at the core of [an] action." *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. 13 Civ. 5784 (CM), 2015 WL 585641, at *4 (S.D.N.Y. Feb. 10, 2015); *see Marshall v. Nat'l Assoc. of Letter Carriers Br. 36*, No. 00 Civ. 3167 (LTS), 2003 WL 223563, at *4 (S.D.N.Y. Feb. 3, 2003) (later-filed actions "were stayed pending the outcome of the dispositive motion practice in the earlier cases" and the court denied consolidation as "it would not here serve the interests of justice in light of the pendency of the instant motion practice"). To the limited extent that *FrontPoint* raises new issues, the Court's decision in *Sonterra* will ultimately result in more focused separate briefing of those issues. Moreover, the two *FrontPoint* Plaintiffs cannot plausibly claim that a short stay of their newly-filed action would cause them any prejudice at all, let alone any unfair prejudice. After all, they chose to sue Defendants more than five and eight years, respectively, after executing their trades—and two months after Defendants had already moved to dismiss the *amended* pleading in *Sonterra*. By contrast, requiring supplemental briefing in *FrontPoint* before the Court has ruled in *Sonterra* would probably result in wasteful satellite litigation over which issues and allegations should be briefed in which case, and certainly prolong the (nearly complete) motion briefing in *Sonterra*.

Accordingly, Defendants respectfully request that Plaintiffs' request for consolidation of these two actions be denied, and that all proceedings in *FrontPoint* be stayed until Defendants' motion to dismiss the *Sonterra* Amended Complaint has been adjudicated.

Respectfully,

*/s/ Marc J. Gottridge*

Marc J. Gottridge

Attachments
cc. (w/attachments): All counsel of record in *FrontPoint* and *Sonterra* (via ECF)