Dannenberg Cohen & Hart, P.C.

| New York | Pennsylvania |
|---|---|
| White Plains Plaza | Four Tower Bridge |
| One North Broadway | 200 Barr Harbor Drive, Suite 400 |
| White Plains, NY 10601-2310 | West Conshohocken, PA 19428-2977 |
| 914-997-0500 Telephone | 610-941-2760 Telephone |
| 914-997-0035 Fax | 610-862-9777 Fax |
| www.lowey.com | |

February 10, 2016

**VIA ECF**
The Honorable Vernon S. Broderick
United States District Court
 for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Re:   ***Sonterra Capital Master Fund, Ltd. v. Barclays Bank PLC,*** **Case No. 15-cv-3538
> (VSB) (the "*Sonterra* Action")**
> ***FrontPoint European Fund, L.P., et al. v. Barclays Bank PLC,*** **Case No. 16-cv-
> 464 (VSB) (the "*FrontPoint* Action")**

Dear Judge Broderick:

We represent Plaintiffs and write to respond to Defendants' February 5, 2016 letter seeking a
pre-motion conference in connection with a cross motion to stay the *FrontPoint* Action. A stay is
ineffective for the following reasons.

Defendants assert that there is a chance the Court could resolve the *Sonterra* motions in a way
that removes the need for motion practice in *FrontPoint*. That could not happen. Ruling on the *Sonterra*
motions without considering the *FrontPoint* allegations will simply hold those allegations in abeyance,
only to be adjudicated later. Moreover, the allegations added in the *FrontPoint* Complaint moot specific
arguments Defendants make in support of the *Sonterra* motions. Absent consolidation, the reasoning
used to decide the *Sonterra* motions to dismiss could be undone by a subsequent decision in *FrontPoint*.
For example:

- Point IIB of Defendants' Merits Brief[1] (wrongly) argues that *Sonterra* does not allege antitrust
standing because the FX forwards Sonterra traded are not priced based on Sterling LIBOR.
Defendants acknowledge, however, that other instruments **are** priced based on Sterling
LIBOR *See* Defendants' Merits Brief, p. 11 (conceding that interest rate swaps are priced
based on Sterling LIBOR). This argument is moot because FrontPoint traded Sterling
LIBOR-based interest rate swaps during the class period. *See FrontPoint* Complaint ¶¶ 181-88.

- Point IIIB of Defendants' Merits Brief argues that *Sonterra* does not allege CEA standing

---

[1] "Defendants' Merits Brief" means Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss
Plaintiff's Amended Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim, 15-cv-3538, ECF No.
66.

because it did not trade derivatives covered by the CEA. This argument is moot because Plaintiff Dennis traded hundreds of British pound futures contracts on the CME, a U.S. exchange, which entitles him to claim violations of the anti-manipulation provisions of the CEA. 7 U.S.C. § 25(a)(1)(A)-(D). The *FrontPoint* Complaint alleges that CME British pound futures contracts are priced based on Sterling LIBOR. *See FrontPoint* Complaint ¶¶ 181, 186-88.

- Point IIIC of Defendants' Merits Brief (wrongly) argues that *Sonterra* states an impermissibly extraterritorial CEA claim, because the derivatives it traded were not priced based on Sterling LIBOR and were traded over the counter. This argument is mooted for the same reason as Point IIB, above. *See FrontPoint* Complaint ¶¶ 181, 186-88.

Defendants' proposed stay also completely ignores the prejudice to FrontPoint and Richard Dennis without articulating any benefit. Before granting a stay, courts must "balance the competing interests of the litigants, non-parties, the public interest and the convenience of the courts in making such determinations." *Philip Morris, Inc. v. Heinrich*, No. 95 Civ. 0328, 1996 U.S. Dist. LEXIS 9156, at *58 (S.D.N.Y. June 25, 1996) (citation omitted). A stay would not foster judicial economy. Moreover, FrontPoint and Dennis would be required to sit idly by and await resolution of the *Sonterra* briefing, which briefing will not obviate motion practice in their case. The resulting delay would forestall discovery, during which time witnesses' memories will fade. Likewise, a stay may deprive Plaintiffs of their procedural right to move for class certification under Rule 23 "at an early practicable time." FED. R. CIV. P. 23(c)(1)(A). Deciding pleadings motions on both cases simultaneously via consolidation is far more efficient than Defendants' proposal, which invites the probability that once Defendants' requested stay of *FrontPoint* is lifted, there will be a new round of extensive briefing on duplicative issues.

Respectfully submitted,

Peter D. St. Phillip, Jr.

cc:     Counsel of Record in the *Sonterra* Action (via ECF)