UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SONTERRA CAPITAL MASTER FUND, LTD., on behalf of itself and all others similarly situated,<br><br>                                                  Plaintiffs,<br><br>- against -<br><br>BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., DEUTSCHE BANK AG, LLOYDS BANKING GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, UBS AG, AND JOHN DOE NOS. 1-50,<br><br>                                                  Defendants. | Docket No. 15-cv-3538 (VSB)<br><br>**DECLARATION OF LEE J. LEFKOWITZ IN SUPPORT OF PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |
| FRONTPOINT EUROPEAN FUND, L.P., and RICHARD DENNIS, on behalf of themselves and all others similarly situated,<br><br>                                                  Plaintiffs,<br><br>- against -<br><br>BARCLAYS BANK PLC, BARCLAYS CAPITAL, INC., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., DEUTSCHE BANK AG, LLOYDS BANKING GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, UBS AG, AND JOHN DOE NOS. 1-50,<br><br>                                                  Defendants. | |

1.  I, Lee J. Lefkowitz, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct:

2.  I am a member in good standing of the Bar of the State of New York and am admitted to practice before this Court.

3.  I am an associate of the law firm of Lowey Dannenberg Cohen & Hart, P.C., counsel for Plaintiffs and proposed interim class counsel in this action, and as such, I am familiar with these proceedings and the matters stated below.

4.  I submit this Declaration in Support of Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction ("Opposition Brief"), filed concurrently herewith. This Declaration presents facts and exhibits which Plaintiffs assert are relevant to jurisdiction over Defendants in the United States and in this forum.

5.  Attached as Exhibit 1 is the User's Guide to the 1992 International Swaps and Derivatives Association, Inc. ("ISDA") Master Agreement, *available at* http://assets.isda.org/media/e0f39375/fb087821.pdf, and the User's Guide to the 2002 ISDA Master Agreement, *available at* http://assets.isda.org/media/e0f39375/520cff57-pdf/.

6.  In each ISDA Master Agreement, the parties must specify the substantive law that will govern disputes arising from the agreement. Both the 1992 and 2002 ISDA Master Agreements include governing law and jurisdiction provisions set forth in paragraphs 13(a) and 13(b), respectively, which require parties to choose either English or New York law and courts, or to otherwise specify the applicable law and court of jurisdiction. The parties make their designation in an attached Schedule to the ISDA Master Agreement, which applies to any dispute arising from the agreement.

7.    Attached as Exhibit 2 is a copy of the signature page and schedules of Plaintiff FrontPoint's ISDA Master Agreement with Defendant UBS, dated May 1, 2007 in which the parties consented to New York as the governing law (see Schedule, Part 4(h)) and, consequently, consented to jurisdiction in this District and in New York state courts for resolution of disputes.

8.    Attached as Exhibit 3 is a copy of the ISDA and schedule of Plaintiff FrontPoint's ISDA Master Agreement with Defendant UBS, dated March 1, 2009 in which the parties consented to New York as the governing law (see Schedule, Part 4(h)) and, consequently, consented to jurisdiction in this District and in New York state courts for resolution of disputes.

9.    Attached as Exhibit 4 is a copy of one sample trade confirmation between FrontPoint and UBS under the May 1, 2007 ISDA Master Agreement, dated November 22, 2007. FrontPoint executed Sterling LIBOR-based derivatives trades from at least March 17, 2006 until at least December 17, 2010 with UBS and until at least May 16, 2011 with others.

10.   Parties must select the governing law in OTC derivatives transactions via a Schedule to the Master Agreement, or a novation or a trade confirmation subsequent to executing the ISDA Master Agreement. To date, Plaintiffs have found numerous examples of various Defendants selecting New York as the governing law and as the forum where jurisdiction lies over the parties when their trading counterparty was U.S.-based:

    a. Exhibit 5 is an ISDA Master Agreement executed during the Class Period by Defendant Barclays Bank PLC and a U.S. counterparty, Accredited Mortgage Home Loan Trust 2006-2, dated June 29, 2006. The agreement provides for jurisdiction in New York. *See* Exhibit 5 at page 10, Schedule to the Master Agreement, Part 4(g) "Governing Law" and paragraph "(h) Jurisdiction", *available at* http://www.sec.gov/Archives/edgar/data/1365364/000119312506141969/dex102.htm

b. Exhibit 6 is the Schedule to an ISDA Master Agreement executed during the Class Period by Defendant Barclays Bank PLC and a U.S. counterparty, World Omni Auto Receivables Trust 2007-B, dated September 26, 2007. The agreement provides for exclusive jurisdiction of the New York Courts. *See* Exhibit 6 at page 13, Schedule to the ISDA Master Agreement Part 4(h), "Governing Law", *available at* http://www.sec.gov/Archives/edgar/data/1083199/000119312507210724/dex995.htm

c. Exhibit 7 is an amended rate swap confirmation during the Class Period between Defendant Barclays Bank PLC and a U.S. counterparty, National Cinemedia LLC, dated February 16, 2010. New York law governs the trade. *See* Exhibit 7 at page 7 "Governing Law", *available at* http://www.sec.gov/Archives/edgar/data/1377630/000119312510050498/dex1037.htm

d. Exhibit 8 is an ISDA Master Agreement executed during the Class Period by Defendant Deutsche Bank AG, New York Branch and a U.S. counterparty, Novastar Mortgage Supplemental Interest Trust, Series 2005-1, dated February 22, 2005. The agreement provides for jurisdiction in New York. *See* Exhibit 8 at page 13, paragraph 12 (a) "Governing Law" and paragraph 12 (b) "Jurisdiction" and page 26, the Schedule to the Master Agreement, Paragraph (h) "Governing Law", *available at* http://www.sec.gov/Archives/edgar/data/1052549/000119312505045644/dex107.htm

e. Exhibit 9 is an ISDA Master Agreement executed during the Class Period by Defendant Deutsche Bank AG, New York Branch and a U.S. counterparty, HSBC Bank USA, N.A. as trustee for the Supplemental Interest Trust for Deutsche Alt-A Securities Mortgage Loan Trust, Series 2006-AR4, dated September 29, 2006. The agreement provides for jurisdiction in New York. *See* Exhibit 9 at page 8, Schedule to the Master Agreement, paragraph 4(h) "Governing Law", *available at* http://www.sec.gov/Archives/edgar/data/1375561/000116231806001386/m1033exhibit997.htm

f. Exhibit 10 is an ISDA Master Agreement executed during the Class Period by Defendant Deutsche Bank AG, New York Branch and a U.S. counterparty, Capital Auto Receivables Asset Trust 2007-1, dated April 26, 2007. The agreement provides for exclusive jurisdiction of the New York Courts. *See* Exhibit 10 at page 14, paragraph 13 (a) "Governing Law", paragraph 13 (b)" Jurisdiction" and the Schedule to the Master Agreement at page 33, Part 4(h) "Governing Law; Jurisdiction", *available at* http://www.sec.gov/Archives/edgar/data/893958/000095013707006393/k14633exv99w4.htm

g.  Exhibit 11 is a share repurchase transaction confirmation during the Class Period between Defendant Barclays Capital, Inc., acting as agent for Barclays Bank PLC, and a U.S. counterparty, The Hanover Insurance Group, Inc., dated December 8, 2009. New York law governs the trade. *See* Exhibit 11 at pages 1 and 18, Part 5(s) "Governing Law", *available at* http://www.sec.gov/Archives/edgar/data/944695/000119312509249694/dex101.htm

h.  Exhibit 12 is an ISDA Master Agreement executed during the Class Period by Defendant UBS AG and a U.S. counterparty, WCM Pool LLC, dated February 7, 2008. The agreement provides for exclusive jurisdiction of the New York Courts. *See* Exhibit 12 at pages 12-13, paragraph 13(a) "Governing Law", paragraph 13(b) "Jurisdiction" and the Schedule to the Master Agreement at page 6, paragraph (h) "Governing Law", *available at* http://www.sec.gov/Archives/edgar/data/1474307/000119312509220572/dex106.htm

i.  Exhibit 13 is an ISDA Master Agreement executed during the Class Period by "Deutsche Bank AG, acting through its NY Branch", and a U.S. counterparty, Nelnet Student Loan Trust 2006-1, dated February 21, 2006. The agreement provides for exclusive jurisdiction of the New York Courts. *See* Exhibit 13 at pages 18, 35, 43 *available at* http://www.sec.gov/Archives/edgar/data/1352167/000087015606000049/isda.txt.

j.  Exhibit 14 is an ISDA Master Agreement executed during the Class Period by The Royal Bank of Scotland PLC ("RBS"), and a U.S. counterparty, Ally Auto Receivables Trust 2010-3, dated August 18, 2010. The agreement provides for jurisdiction in New York. *See* Exhibit 14 at page 13, 31, paragraph 13(a) "Governing Law", paragraph 13(b) "Jurisdiction", and the Schedule to the Master Agreement, paragraph (h) "Governing Law; Jurisdiction", *available at* http://www.sec.gov/Archives/edgar/data/1477336/000119312510194115/dex994.htm

k.  Exhibit 15 is a novation confirmation relating to an ISDA Master Agreement during the Class Period between Defendant The Royal Bank of Scotland PLC and a U.S. counterparty, GE Capital Credit Card Master Note Trust, dated September 1, 2010. New York law governs the agreement. *See* Exhibit 15 at page 3, paragraph 9(a) "Governing Law" and paragraph 9(b) "Jurisdiction", *available at* http://www.sec.gov/Archives/edgar/data/1226006/000110465910047484/a10-16874_1ex4d1.htm

l.  Exhibit 16 is a transaction confirmation during the Class Period between Defendant The Royal Bank of Scotland PLC and a U.S. counterparty,

        The Bank of New York as trustee for the Supplemental Trust with respect to Nationstar Home Equity Loan Asset-Backed Certificates, Series 2007-C, dated June 7, 2007. New York law governs the trade. *See* Exhibit 16 at page 15, paragraph (i), "Governing Law", *available at* http://www.sec.gov/Archives/edgar/data/1400096/000116231807000690/m0685exhibit991.htm

    m. Exhibit 17 is a transaction confirmation during the Class Period between Defendant The Royal Bank of Scotland PLC and a U.S. counterparty, International Game Technology, dated May 5, 2009. New York law governs the trade and the parties submitted to the exclusive jurisdiction of New York. *See* Exhibit 17 at pages 24-25, paragraph (p), "Governing Law" and paragraph (r) "Submission to Jurisdiction", *available at* http://www.sec.gov/Archives/edgar/data/353944/000143774909001934/ex10-32.htm

    n. Exhibit 18 is a novation agreement during the Class Period between Lloyds TSB Bank plc (the former name of Lloyds Bank PLC, a subsidiary of Defendant Lloyds Banking Group PLC) and a U.S. counterparty, Agilent Technologies World Trade, Inc., dated November 17, 2008. New York law governs the trade. *See* Exhibit 18 at page 3, paragraph 7(a) "Governing Law" and paragraph 7(b) "Jurisdiction", *available at* http://www.sec.gov/Archives/edgar/data/1090872/000110465908071555/a08-28660_1ex99d3.htm

    o. Exhibit 19 is an ISDA Master Agreement executed on February 23, 2012 by Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A. (Rabobank), and a U.S. counterparty, NPC International, Inc. Though executed after the Class Period, the agreement still evinces the same pattern in that the agreement provides for the jurisdiction of the New York Courts. *See* Exhibit 19 at page 20, 36, paragraph 13(a), paragraph 13(b), and the Schedule to the Master Agreement, paragraph (h) "Governing Law", *available at* http://www.sec.gov/Archives/edgar/data/748714/000119312512146631/d316605dex1019.htm

    11.    Attached as Exhibits 20 to 23 are ISDA's annual Margin Survey reports showing that during the Class Period, including for the years 2005 through 2009, the annual percentages of OTC derivatives transactions using "Credit Support Annex" documents governed by New York law and venue provisions were as follows:

12.    <u>For the year ended 2005</u>: 52.8% of Credit Support Annex documents (57,886) apply New York law and venue provisions. See ISDA Margin Survey 2006, Exhibit 3 at p.9, *available at* http://www2.isda.org/functional-areas/research/surveys/margin-surveys/.

5

Barclays Capital Inc. (who acted as an agent for Defendant Barclays Bank PLC in at least some ISDA transactions, *see* Exhibit 13), Deutsche Bank, UBS, and RBS participated in the survey. *See* Exhibit 20 at 13-14.

13. <u>For the year ended 2006</u>: 53.8% of Credit Support Annex documents (71,371) apply New York law and venue provisions. See ISDA Margin Survey 2007, Exhibit 4 at p.10, *available at* http://www2.isda.org/functional-areas/research/surveys/margin-surveys/. Barclays Capital Inc. (who acted as an agent for Defendant Barclays Bank PLC in at least some ISDA transactions, *see* Exhibit 13), Lloyds TSB Bank plc (the former name of Lloyds Bank PLC, a subsidiary of Defendant Lloyds Banking Group PLC), Deutsche Bank, UBS, and RBS participated in this survey. *See* Exhibit 21 at 12.

14. <u>For the year ended 2007:</u> 60% of Credit Support Annex documents (81,314) apply New York law and venue provisions. See ISDA Margin Survey 2008, Exhibit 5 at p.7, *available at* http://www2.isda.org/functional-areas/research/surveys/margin-surveys/. Barclays Capital Inc. (who acted as an agent for Defendant Barclays Bank PLC in at least some ISDA transactions, *see* Exhibit 13), Lloyds TSB Bank plc (the former name of Lloyds Bank PLC, a subsidiary of Defendant Lloyds Banking Group PLC), Deutsche Bank, UBS, and RBS participated in this survey. *See* Exhibit 22 at 11.

15. <u>For the year ended 2008:</u> 57.8% of Credit Support Annex documents (87,336) apply New York law and venue provisions. See ISDA Margin Survey 2009, Exhibit 6 at p.7, *available at* http://www2.isda.org/functional-areas/research/surveys/margin-surveys/. Barclays Capital Inc. (who acted as an agent for Defendant Barclays Bank PLC in at least some ISDA transactions, *See* Exhibit 13), Lloyds TSB Bank plc (the former name of Lloyds Bank PLC, a subsidiary of Defendant Lloyds Banking Group PLC), Deutsche Bank, UBS, and RBS participated in this survey. *See* Exhibit 23 at 11.[1]

16. Attached as Exhibit 24 are excerpts of the trial testimony of Anthony Allen in *United States v. Anthony Allen and Anthony Conti*, 14-cr-272.

17. Attached as Exhibit 25 is the allocution of Takayuki Yagami in *United States v. Yagami*, 14-cr-272, ECF No. 16

18. Attached as Exhibit 26 is the allocution of Lee Stewart in *United States v. Stewart*, 14-cr-272, ECF No. 46.

---

[1] For the years ended 2009-2012, the ISDA Margin Survey reporting form changed and no longer gives a breakdown of percentages of Credit Annex agreements with New York choice of law and venue provisions.

19. Attached as Exhibit 27 is the allocution of Paul Robson in *United States v. Robson*, 14-cr-272, ECF No. 21.

20. Attached as Exhibit 28 is Judge Rakoff's decision in *United States v. Anthony Allen, Anthony Conti, et al.*, 14-cr-272, ECF No. 221.

21. Attached as Exhibit 29 is the sworn testimony of Michael Curtler in *United States v. Michael Ross Curtler*, 15-cr-670.

22. Attached as Exhibit 30 is a copy of the list of foreign financial institutions with representative offices in New York, including Defendant RBS, supervised by the New York Department of Financial Services ("NYDFS"), generated on January 12, 2016.

23. Attached as Exhibit 31 is a copy of the list of foreign financial institutions, including Defendants Barclays, Rabobank, Lloyds Bank PLC, and Deutsche Bank with branch offices in New York supervised by NYDFS, generated on January 12, 2016.

24. Attached as Exhibit 32 is a copy of the Federal Reserve Bank of New York's "The Foreign Exchange and Interest Rate Derivatives Markets: Turnover in the United States, April 2010," *available at* http://www.nowandfutures.com/d3/forex_swap_forward_dollar_currency2009-fx_survey(fed).pdf.

25. Attached as Exhibit 33 is a copy of the Federal Reserve Bank of New York's "The Foreign Exchange and Interest Rate Derivatives Markets: Turnover in the United States, April 2013," *available at* https://www.newyorkfed.org/medialibrary/media/markets/pdf/2013triennialreport.pdf.

26. Attached as Exhibit 34 is a copy of a civil complaint filed in *Moon v. SKM, Ltd.*, No. BC150995 (Sup. Ct. Cal. July 19, 1996), a matter related to *In re Magnetic Audiotape*

*Antitrust Litig.*, 334 F.3d 204 (2d Cir. 2003). The complaint describes the *Magnetic Audiotape* price fixing conspiracy in greater detail.

27. Attached as Exhibit 35 is a copy of the Bill Jacket of the 1964 Chapter 849 session law amending, among other sections, N.Y. Banking Law § 200-b (BJ 1964, CH 849).

28. Attached as Exhibit 36 is a Bloomberg article written by Tom Schoenberg and Suzi Ring titled *Deutsche Bank Libor Probe Said to Rise to Former Trading Manager*, published on October 15, 2015.

29. Attached as Exhibit 37 is a Department of Justice press release entitled *Two Former Deutsche Bank Employees Indicted on Fraud Charges in Connection with Long-Running Manipulation of Libor*, published on June 2, 2016.

30. Attached as Exhibit 38 is the Department of Justice Indictment in *United States of America v. Matthew Connolly and Gavin Campbell Black*, No. 16-cr-370.

Executed on June 3, 2016
White Plains, New York

                                                      /s/ *Lee J. Lefkowitz*
                                                        Lee J. Lefkowitz