# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Eric J. Stock
Direct: +1 212.351.2301
Fax: +1 212.716.0801
EStock@gibsondunn.com

August 5, 2019

VIA ECF

Hon. Vernon S. Broderick
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Sonterra Capital Master Fund, Ltd., et al. v. Barclays Bank Plc, et al.*, No. 15-cv-3538 (VSB)

Dear Judge Broderick:

On behalf of Defendant UBS AG ("UBS"), we write to submit Judge Alvin K. Hellerstein's recent opinion in *Fund Liquidation Holdings LLC v. Citibank, N.A., et al.*, 2019 WL 3388172 (S.D.N.Y. July 26, 2019) ("*SIBOR III*") (attached as Exhibit A), in further support of UBS's Opposition to Plaintiff's Motion for Substitution, ECF No. 218 (the "Opposition" or "UBS Opp."), in the above-captioned action. Judge Hellerstein's opinion provides persuasive support for this Court's denial of Plaintiff FrontPoint European Fund, L.P.'s Motion for Substitution, ECF No. 202 ("Mot. for Substitution").

On February 5, 2019, the lone remaining named plaintiff in this action, FrontPoint European Fund, L.P. ("FrontPoint European"), filed a motion seeking to substitute Fund Liquidation Holdings LLC ("FLH") in its place. *See* Mot. for Substitution. The reason for the motion is simple: FrontPoint European ceased to exist in 2012 and thus could never have been a proper plaintiff in this action. On March 5, 2019, UBS opposed the motion on the grounds that (1) FrontPoint did not assign its antitrust claim[1] to FLH through a purported Asset Purchase Agreement ("APA"), and FLH therefore lacks standing to bring the claims in this case; (2) substitution is unavailable to FLH under Federal Rule of Civil Procedure 17; and (3) any suit by FLH would be time-barred because FrontPoint European's suit has been a legal nullity from the outset and thus FLH cannot take advantage of FrontPoint European's earlier filed complaint. *See* UBS Opp. at 1–3.

---

[1] FrontPoint European's Sherman Act claim is the only remaining claim at issue in this action. FrontPoint European has conceded the APA did not assign FLH any state law claims. *See* UBS Opp. at 11; Mot. for Substitution at 4 (contending only that FLH is "the rightful owner of FrontPoint's Sherman Act claims").

**GIBSON DUNN**

August 5, 2019
Page 2

In *SIBOR III*, Judge Hellerstein considered a nearly identical situation. There, a related and also defunct FrontPoint entity, FrontPoint Asian Event Driven Fund L.P. ("FrontPoint Asian"), represented by the same counsel, moved the *SIBOR* court for permission to substitute FLH as a plaintiff pursuant to Rule 17, invoking the very same APA that is at issue here. Judge Hellerstein rejected the request and dismissed the *SIBOR* suit with prejudice. In doing so, Judge Hellerstein held that (1) "[t]he APA does not assign the claims at issue in this case, and plaintiff [FLH] lacks standing to assert them"; (2) substitution "could not repair the basic deficiency of FrontPoint's and Sonterra's pleading, since Rule 17 allows substitutions to cure mistakes, not repair an absent substance"; and (3) any new FLH "complaint would be a new filing, not capable of relating back in time to FrontPoint's and Sonterra's filing," and therefore would be barred under the applicable four-year statute of limitations. *SIBOR III*, 2019 WL 3388172, at *5–6. Each of these holdings is discussed further below.

*First*, as here, the *SIBOR* plaintiffs argued that FLH could maintain the defunct FrontPoint entity's Sherman Act and state law claims because those claims were assigned to FLH through the APA. Judge Hellerstein held that "[t]he APA does not assign the claims at issue in this case, and plaintiff lacks standing to assert them." *Id.* at *5.

As an initial matter, Judge Hellerstein determined that "the terms of the APA are unambiguous on their face," and thus found it "unnecessary and inappropriate to apply extrinsic evidence"—such as a declaration submitted by plaintiffs—to interpret or vary the APA's terms. *Id.* Judge Hellerstein then ruled that, under the plain reading of the APA, "[t]he APA lacks express language transferring either 'antitrust claims' or 'all causes of action,'" as required for an effective assignment. *Id.* (citing *DNAML Pty, Ltd. v. Apple Inc.*, 2015 WL 9077075, at *5 (S.D.N.Y. Dec. 16, 2015)). Plaintiffs had argued that transfer of the antitrust claim to FLH was effected through the APA's clause assigning "claims . . . arising out of . . . [a] securities class action lawsuit." *SIBOR III*, 2019 WL 3388172, at *5; *see* Mot. for Substitution at 4–5. However, Judge Hellerstein found that "broad, generic reading of the term 'security'" was not supportable because "[s]ecurities and antitrust claims are distinct." *SIBOR III*, 2019 WL 3388172, at *5. Accordingly, the language of the APA "hardly constitutes [the] 'unambiguous assignment' required by federal law" for the transfer of antitrust claims. *Id.*[2]

*Second*, Judge Hellerstein rejected plaintiffs' attempt to substitute FLH in FrontPoint Asian's place pursuant to Federal Rule of Civil Procedure 17. FrontPoint Asian and Sonterra, like FrontPoint European in this present action, dissolved in March 2012. An action was nevertheless brought in the names of these two entities in July 2016. Judge Hellerstein held

---

[2] Judge Hellerstein also "dismissed for lack of standing" the breach of the implied covenant claim on the basis that "state common law claim[s] [are] explicitly excluded from the definition of [transferable] Future Claims" in the APA. *SIBOR III*, 2019 WL 3388172, at *4 (internal quotation marks and ellipses omitted).

that "[b]ecause FrontPoint and Sonterra lacked capacity to sue, there was no real 'case or controversy' before the court, and consequently, no subject matter jurisdiction." *Id.* (quoting U.S. Const. art. III). In other words, the suit was a nullity from the start. Judge Hellerstein held that this fundamental flaw was fatal to plaintiffs' substitution arguments because substitution "could not repair the basic deficiency of FrontPoint's and Sonterra's pleading, since Rule 17 allows substitutions to cure mistakes, not repair an absent substance." *Id.*[3]

*Third*, Judge Hellerstein held that, even if the APA's assignment to FLH were valid, FLH's suit would still fail because its claims would be untimely. Specifically, allowing FLH to bring a claim would require a new "complaint [that] would be a new filing, not capable of relating back in time to FrontPoint's and Sonterra's filing," because there was no original complaint to which that claim could relate back. Rather, the initial complaint was a nullity. The court also rejected plaintiffs' claim of entitlement to *American Pipe* tolling because *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1804 (2018) held that "*American Pipe* does not permit the maintenance of a follow-on class action past expiration of the statute of limitations." Thus, a new suit by FLH would be barred under the applicable four-year statute of limitations for antitrust claims, 15 U.S.C. § 15b, because the conduct in question ceased no later than December 2011 and FLH conceded it was on notice of its claims by June 2013. *See SIBOR III*, 2019 WL 3388172, at *7; *see also Fund Liquidation Holdings LLC v. Citibank, N.A., et al.*, 2017 WL 3600425, at *13 (S.D.N.Y. Aug. 18, 2017) ("*SIBOR I*").

Judge Hellerstein's holdings in *SIBOR III*, like Judge Kaplan's analysis in *Dennis v. JPMorgan Chase & Co.*, 342 F. Supp. 3d 404, 417 (S.D.N.Y. 2018), are directly applicable to FrontPoint European's motion for substitution here. Defendants respectfully submit that, like Judge Hellerstein, and for the same reasons described in his opinion, this Court should reject Plaintiff's request and dismiss this suit in its entirety with prejudice.

Respectfully submitted,

*/s/ Eric J. Stock*
Eric J. Stock                                   cc: All Counsel of Record (via ECF)

---

[3] FrontPoint European is no longer correct that "Judge Hellerstein, in a similar benchmark manipulation case, has already granted leave to substitute FLH for FrontPoint as plaintiff." Mot. for Substitution at 2–3 (citing *Fund Liquidation Holdings LLC v. Citibank, N.A., et al*., 2018 WL 4830087, at *11–12 (S.D.N.Y. Oct. 4, 2018) ("*SIBOR II*")). Though Judge Hellerstein provisionally authorized substitution in *SIBOR II*, that solely served to allow the court to more directly evaluate the legal propriety of the substitution request. In *SIBOR III*, Judge Hellerstein made it clear that the substitution was not, in fact, supportable, because "although [the court] gave leave to FrontPoint and Sonterra to substitute [FLH], [the] order could not confer jurisdiction where it did not originally exist." *SIBOR III*, 2019 WL 3388172, at *6.