```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
SONTERRA CAPITAL MASTER FUND,                              :
LTD., RICHARD DENNIS, and                                  :
FRONTPOINT EUROPEAN FUND, L.P., on                         :
behalf of themselves and all others similarly              :      15-CV-3538 (VSB)
situated,                                                  :
                                                           :      OPINION & ORDER
                                    Plaintiffs,            :
                                                           :
                  - against -                              :
                                                           :
BARCLAYS BANK PLC, COOPERATIEVE                            :
CENTRALE RAIFFEISEN-                                       :
BOERENLEENBANK B.A., DEUTSCHE                              :
BANK AG, LLOYDS BANKING GROUP                              :
PLC, THE ROYAL BANK OF SCOTLAND                            :
PLC, UBS AG, JOHN DOE NOS. 1-50, and                       :
BARCLAYS CAPITAL, INC.,                                    :
                                                           :
                                    Defendants.            :
                                                           :
-----------------------------------------------------------X
```

Appearances:

Vincent Briganti
Geoffrey Horn
Lowey Dannenberg, P.C.
White Plains, New York

Christopher Lovell
Victor E. Stewart
Benjamin M. Jaccarino
Lovell Stewart Halebian Jacobson LLP
New York, New York

*Counsel for Representative Plaintiffs and the Proposed Class*

Elizabeth M. Sacksteder
Paul, Weiss, Rifkind, Wharton & Garrison LLP
New York, New York

*Counsel for Deutsche Bank AG*

VERNON S. BRODERICK, United States District Judge:

This action was filed on May 6, 2015, on behalf of all persons and entities that engaged in Sterling LIBOR-based Derivative transactions. (Doc. 1.) Before me is the unopposed motion filed by Plaintiffs Richard Dennis, Fund Liquidation Holdings LLC, and any subsequently named plaintiffs (collectively, "Representative Plaintiffs") for preliminary approval of the Class Action Settlement with Defendant Deutsche Bank AG. (Doc. 260.) Because I find, under a preliminary evaluation, that the settlement is fair, reasonable, and the result of good faith negotiation, Representative Plaintiffs' motion is GRANTED.

I. **Background and Procedural History**

I assume familiarity with the factual background and procedural history of the case as set forth in my previous Opinion & Order, *Sonterra Cap. Master Fund, Ltd. v. Barclays Bank PLC*, 366 F. Supp. 3d 516, 518–519 (S.D.N.Y. 2018), and adopt the parties' procedural history as set out in Representative Plaintiffs' Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement with Defendant Deutsche Bank AG. (Doc. 261.) Representative Plaintiffs ask me to (1) grant preliminary approval of the settlement, (2) conditionally certify a Settlement Class[1] on the claims against Deutsche Bank, (3) grant preliminary approval of the proposed Distribution Plan, (4) appoint Representative Plaintiffs as representatives of the Settlement Class, (5) appoint Lowey Dannenberg, P.C. ("Lowey") and Lovell Stewart Halebian Jacobson LLP ("Lovell") as Class Counsel, (6) appoint Citibank, N.A. ("Citibank") as the Escrow Agent for the Settlement, (7) appoint A.B. Data, Ltd. ("A.B. Data") as the Settlement Administrator, (8) approve the proposed forms of Class Notice and the proposed Class Notice

---

[1] All capitalized terms are defined by the Stipulation and Agreement of Settlement as to Deutsche Bank dated March 31, 2022 ("Settlement Agreement"), unless otherwise defined.

2

plan, (9) set a schedule leading to the final evaluation of the Settlement, including the date, time, and place of the Fairness Hearing, and (10) stay all proceedings in the Action related to Deutsche Bank except those relating to Settlement approval.

## II.     Legal Standards

### A.  *Preliminary Approval of the Settlement*

It is within a district court's discretion to approve proposed class action settlements.  *See Kelen v. World Fin. Network Nat'l Bank*, 302 F.R.D. 56, 68 (S.D.N.Y. 2014).  "The compromise of complex litigation is encouraged by the courts and favored by public policy." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc*., 396 F.3d 96, 114 (2d Cir. 2005) (quoting 4 ALBA CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS § 11:53, at 167 (4th ed. 2002)).  The parties and their counsel are in a unique position to assess the potential risks of litigation, and thus district courts in exercising their discretion often give weight to the fact that the parties have chosen to settle.  *See Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693 PGG, 2013 WL 1832181, at *1 (S.D.N.Y. Apr. 30, 2013).

Federal Rule of Civil Procedure 23(e) requires judicial approval of any class action settlement.  Review of a proposed settlement generally involves preliminary approval followed by a fairness hearing.  *Silver v. 31 Great Jones Rest.*, No. 11 CV 7442 KMW DCF, 2013 WL 208918, at *1 (S.D.N.Y. Jan. 4, 2013).  "[C]ourts often grant preliminary settlement approval without requiring a hearing or a court appearance." *Lizondro-Garcia v. Kefi LLC*, 300 F.R.D. 169, 179 (S.D.N.Y. 2014).  However, "[e]ven at the preliminary approval stage, the Court's role in reviewing the proposed settlement 'is demanding because the adversariness of litigation is often lost after the agreement to settle.'"  *In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d 686, 692 (S.D.N.Y. 2019) (quoting *Zink v. First Niagara Bank, N.A.*, 155 F.Supp.3d 297, 308

(W.D.N.Y. 2016)). Under the new, more exacting standards of the 2018 amendments to Rule 23, a district court must consider whether the court "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 28 (E.D.N.Y. 2019) (quoting Fed. R. Civ. P. 23(e)(1)(B)(i–ii)); *In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d at 692 (same). Courts conducting this analysis "must make a preliminary evaluation as to whether the settlement is fair, reasonable and adequate." *In re Currency Conversion Fee Antitrust Litig.*, No. 01 MDL 1409, M-21-95, 2006 WL 3247396, at *5 (S.D.N.Y. Nov. 8, 2006) (internal quotation marks omitted). In making this determination, courts consider the (1) adequacy of representation, (2) existence of arm's-length negotiations, (3) adequacy of relief, and (4) equitableness of treatment of class members. Fed. R. Civ. P. 23(e)(2). In addition to these four factors, courts in the Second Circuit also consider whether the settlement is fair, reasonable, and adequate under the nine factors[2] established in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974),[3] which overlap with Rule 23(e)(2)(C)–(D).

### B. *Conditional Settlement Class Certification and Appointment of Class Counsel*

Conditional settlement class certification and the appointment of class counsel have several practical purposes "including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all class members of the terms of the proposed

---

[2] The *Grinnell* factors are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *See Grinnell*, 495 F.2d at 463.

[3] The Advisory Committee Notes to the 2018 amendments indicate that the four new Rule 23 factors were intended to supplement rather than displace these "*Grinnell*" factors. *See* 2018 Advisory Notes to Fed. R. Civ. P. 23, Subdiv. (e)(2) ("2018 Advisory Note").

settlement agreement, and setting the date and time of the final approval hearing." *Almonte v. Marina Ice Cream Corp.*, No. 1:16-CV-00660 (GBD), 2016 WL 7217258, at *2 (S.D.N.Y. Dec. 8, 2016). The proposed settlement class must meet the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3). Under Rule 23(a), class certification is appropriate if "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims ... of the representative parties are typical of the claims ... of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(1)-(4). "The party seeking class certification bears the burden of establishing each of these elements by a 'preponderance of the evidence.'" *Lizondro-Garcia*, 300 F.R.D. at 174 (quoting *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 202 (2d Cir. 2008)). Once each of these four threshold requirements are met, "class certification is appropriate if the action also satisfies one of the three alternative criteria set forth in Rule 23(b)." *Lizondro-Garcia*, 300 F.R.D. at 174. To certify a class under Rule 23(b)(3), as the parties seek to do here, a court must also find "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

### III. Discussion

#### A. *Preliminary Approval of the Class Settlement*

After reviewing Representative Plaintiffs' submissions, including the Memorandum of Law in support of their motion, (Doc. 261, "Mem."), the Joint Declaration of Vincent Briganti and Christopher Lovell in Support of Representative Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, (Doc. 262, "Joint Decl."), the stipulation of settlement, (Doc. 262-1,

"Settlement"), and all other attached exhibits, (see Doc. 262-2–9), I find that the settlement terms merit preliminary approval.

### 1. Adequacy of Representation

"Determination of adequacy typically entails inquiry as to whether: (1) plaintiff's interests are antagonistic to the interest of other members of the class and (2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Cordes & Co. Fin. Servs. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 99 (2d Cir. 2007) (internal quotation marks omitted). Here, Representative Plaintiffs' interests are aligned with those of the class as they transacted in Sterling LIBOR-based Derivatives during the Class Period.[4] (Mem. 6.) Representative Plaintiffs' Counsel have demonstrated that they are qualified, experienced, and able to conduct the litigation, as evidenced by their extensive antitrust and Commodity Exchange Act ("CEA") class action experience and efforts negotiating this Settlement. (Mem. 6.) Therefore, Rule 23(e)(2)(A)'s adequacy of representation prong weighs in favor of approval.

### 2. Existence of Arm's-Length Negotiations

"If the Court finds that the Settlement is the product of arm's length negotiations conducted by experienced counsel knowledgeable in complex class litigation, the Settlement will enjoy a presumption of fairness." *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 173–74 (S.D.N.Y. 2000). The Settlement appears to be the result of extensive and good-faith negotiations between Representative Plaintiffs and Deutsche Bank, all of whom have a strong understanding of the risks of litigation and benefits of the Settlement. (Mem. 7–8.)

The Settlement was based on an in-depth investigation into the strengths and weakness of

---

[4] Under the Settlement, the Class Period as defined by the Settlement is from January 1, 2005 through at least December 31, 2010. (*See* Doc. 262-5.)

6

the case conducted by Representative Plaintiffs' Counsel, Lowey Dannenberg, P.C. and Lovell Stewart Halebian Jacobson LLP, which are firms with extensive antitrust and CEA class action experience on behalf of some of the nation's largest pension funds and institutional investors. (*Id.* 6–7; *see also* Joint Decl. ¶¶ 32–35.) Representative Plaintiffs' Counsel's efforts included: (i) conducting a pre-filing investigation of relevant facts; (ii) drafting the complaints; (iii) opposing Defendants' motion to dismiss; (iv) appealing the dismissal of the Action; (v) and negotiating the proposed Settlement; and (vi) developing the proposed Distribution Plan. (Mem. 7; Joint Decl. ¶¶ 36–37.) Defendant's counsel—Paul, Weiss, Rifkind, Wharton & Garrison LLP—is a preeminent international law firm with extensive experience in antitrust litigation and class actions. (Mem. 7.) The parties began negotiations in September 2021 to discuss a potential settlement amount, cooperation, release, and settlement termination rights. (*Id.* 3.) After more than three months of negotiations, the parties signed a term sheet on January 3, 2022, and after continued negotiations, executed the Settlement on March 31, 2022. (*Id.*) I find that all of the above suggests that the settlement is the result of good faith and arm's-length negotiations. Therefore, in light of my findings with regard to Class Counsel and the good faith and arm's-length negotiations, a presumption of fairness attaches to the Settlement.

### 3. Adequacy of Relief

In assessing the adequacy of a settlement under Rule 23(e)(2)(C)(i), "courts may need to forecast the likely range of possible classwide recoveries and the likelihood of success in obtaining such results." *In re Payment Card*, 330 F.R.D. at 36 (quoting Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment). This inquiry overlaps with the *Grinnell* factors of "complexity, expense, and likely duration of the litigation" along with "the risks of establishing liability," "the risks of establishing damages" and "the risks of maintaining a class

7

through the trial." *See Grinnell*, 495 F.2d at 463.

Representative Plaintiffs faced significant litigation risks, in large part due to the complexity of the alleged manipulation that occurred between and among at least six institutions over a six-year period.  (*See* Mem. 10.)  Inherent in the complexity of the allegations is the inevitability of lengthy and costly discovery and motion practice if the case continued through litigation.  (*See* Mem. 11–12) (outlining each sides' anticipated discovery motions, *Daubert* motions, class certification motions, and pre-trial motions).  Accordingly, these factors weigh in favor of preliminary approval.

Under Rule 23(e)(2)(c)(ii), a court must evaluate the "effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims." Fed. R. Civ. P. 23(e)(2)(c)(ii).  The proposed Distribution Plan, which was created with the assistance of experts to efficiently distribute funds and encourage participation, is similar to other plans approved in this District.  (*See* Doc. 261 at 15.)  Therefore, I find that the Distribution Plan is fair, reasonable, and adequate.

In assessing the adequacy of the relief, Rule 23 also requires the court to examine the proposed attorneys' fees. Fed. R. Civ. P. 23(e)(2)(c)(iii).  The requested attorneys' fees, which are limited to no more than one-third of the Settlement Amount, or $1.67 million, (Doc. 261 at 17), net of Representative Plaintiffs' Counsel's litigation expenses not to exceed $600,000, (*id.* at 18), appear reasonable at this point.  "Courts in this District have approved fees as high as 33.5% from comparable class settlement funds, finding that they are 'well within the applicable range of reasonable percentage fund awards.'" *In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d at 695 (quoting *In re DDAPV Direct Purchaser Antitrust Litigation*, No. 05-2237, 2011 WL 12627961 (S.D.N.Y. Nov. 28, 2011) (awarding 33.5% from a class settlement find of $20.25 million)); *see*

*also In re Oxycontin Antitrust Litig.*, No. 04-md-1603-SHS, ECF No. 360 (S.D.N.Y. Jan. 25, 2011) (awarding 33.5% from a class settlement fund of $16 million).  However, before attorneys' fees can be finally approved, additional materials will need to be submitted and examined, such as attorneys' affidavits and billing records.  In light of these factors, I preliminarily find that the proposed Settlement provides adequate relief to the Class.

### 4. Equitableness of Treatment of Class Members

Rule 23(e)(2)(d) finally requires the Court to consider whether "the proposal treats class members equitably relative to each other."  Fed. R. Civ. P 23(e)(2)(D).  I find that the *pro rata* distribution of the Settlement Fund among Authorized Claimants and the release for all Class Members of claims against Deutsche Bank for claims based on the same factual predicate of this action are sufficient to show that the Settlement Class is treated equitably.  *See In re Payment Card,* 330 F.R.D. at 47 (finding that "pro rata distribution scheme is sufficiently equitable").

### 5. Remaining *Grinnell* Factors

The *Grinnell* factors not expressly assessed under Rule 23(e)(2)(C)(i) include "[] the reaction of the class to the settlement; [] the stage of the proceedings and the amount of discovery completed; . . . [] the ability of the defendants to withstand a greater judgment; [] the range of reasonableness of the settlement fund in light of the best possible recovery; and [] the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation."  *Grinnell*, 495 F.2d at 463.

I find that all five outstanding *Grinnell* factors favor preliminary approval of the Settlement.  First, the Representative Plaintiffs favor the Settlement, and their approval is probative of the Class's reaction at this time since notice has not yet been issued.  Second, I find that Representative Plaintiffs "have obtained a sufficient understanding of the case to gauge the

strengths and weaknesses of their claims and the adequacy of the settlement." *In re AOL Time Warner, Inc.*, No. 02 CIV. 5575 (SWK), 2006 WL 903236, at *10 (S.D.N.Y. Apr. 6, 2006). Third, despite the fact that Deutsche Bank could potentially withstand a greater judgment than the proposed Settlement Amount, this fact "does not, standing alone, indicate that the settlement is unreasonable or inadequate." *In re Global Crossing Sec. and ERISA Litig.*, 225 F.R.D. 436, 460 (S.D.N.Y. 2004) (internal quotation marks omitted). Finally, in considering the Settlement in light of the best possible recovery and the risks of litigation, I find that the Settlement provides adequate recovery for the Class, not only through its monetary value, but also through the cooperation of Deutsche Bank in identifying potential Class Members and further validating the Distribution Plan if necessary, and the value of serving as an "ice-breaker" settlement to potentially facilitate future settlements. *See In re GSE Bonds*, 414 F. Supp. 3d at 697 ("[Deutsche Bank] has offered cooperation which has added significant value to its settlement agreement. . . . DB also added 'significant value' by being a settlement 'ice-breaker,' or first party to settle, potentially helping to spur other parties to settlement.") (citation omitted).

### B.     *Conditional Certification of Class*

As required under Rule 23(a), Representative Plaintiffs have demonstrated that the class is sufficiently numerous, that there are common issues across the class, that the Representative Plaintiffs' claims are typical of the class, and that the Representative Plaintiffs and their attorneys would be effective Class Representatives and Class Counsel, respectively. I also find that, as required by Rule 23(b)(3), the common issues identified by Plaintiffs predominate over any individual issues in the case such that class action is superior in this context to other modes of litigating this dispute. Because the class certification request is made in the context of settlement only, I need not address the issue of manageability. *See Soler v. Fresh Direct, LLC*,

No. 20 CIV. 3431 (AT), 2023 WL 2492977, at *6 (S.D.N.Y. Mar. 14, 2023).  Accordingly, pursuant to Rule 23(e), I certify this Class for the purposes of settlement, notice and award distribution only.

### C. *Approval of Notice to the Class, Settlement Administrator, and Escrow Agent*

Rule 23(c)(2)(B) requires that:

> [T]he court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. . . . The notice must clearly and concisely state in plain, easily understood language:  (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).  I have reviewed the proposed plan for providing notice to the Class, which involves (1) sending Post Card Notice by First-Class Mail to potential Class Members, (Doc. 262-3), (2) making the Long-Form Notice, (Doc. 262-4), and the Proof of Claim Form, (Doc. 262-6), available on the Settlement Website[5] for Class Members to review and download, and (3) publishing the Short-Form Notice, (Doc. 262-5), in various periodicals, industry publications, and through a digital campaign, (Mem. 24).  After review, I conclude that the form and manner of the proposed notice constitutes the best notice practicable under the circumstances and meets the requirements of due process.  The plan also satisfies all of the seven elements of Rule 23(c)(2)(B) identified above.  Additionally, I adopt Representative Plaintiffs' recommendation that A.B. Data be appointed as Settlement Administrator.  Representative

---

[5] The "Settlement Website" provided is www.sterlingliborsettlement.com.

11

Plaintiffs' request to designate Citibank as Escrow Agent to maintain the Settlement Fund is granted based on Citibank's previous experience in other settlements in this District.

### D. *Proposed Schedule of Events*

I adopt Representative Plaintiffs' proposed schedule in full. However, the parties shall inform me within two weeks of the published date of this Opinion & Order whether they would like to schedule a Fairness Hearing prior to the two hundred and twenty-five (225) calendar days after entry of the Preliminary Approval Order as originally requested.

### IV. Conclusion

For the foregoing reasons, Representative Plaintiffs' unopposed motion for preliminary approval of the settlement is GRANTED. Accordingly, the parties are hereby

ORDERED to re-submit a text-editable word document of the proposed order setting forth the settlement procedure and schedule. (Doc. 263.) I will approve the proposed procedure in a separate order to be filed in tandem with this Opinion & Order.

IT IS FURTHER ORDERED that the parties inform me within two weeks of the published date of this Opinion & Order whether they would like to schedule a Fairness Hearing prior to the two hundred and twenty-five (225) calendar days after entry of the Preliminary Approval Order as originally requested.

The Clerk of Court is respectfully directed to close the open motions on the docket.

SO ORDERED.

Dated: June 1, 2023
     New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge