**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SONTERRA CAPITAL MASTER FUND, LTD., RICHARD DENNIS, and FRONTPOINT EUROPEAN FUND, L.P., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> -against- <br><br> BARCLAYS BANK PLC, COOPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., DEUTSCHE BANK AG, LLOYDS BANKING GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, UBS AG, JOHN DOE NOS. 1-50, and BARCLAYS CAPITAL, INC., <br><br> Defendants. | Docket No. 15-cv-3538 (VSB) |

**STIPULATION AND PROTECTIVE ORDER**
**GOVERNING MATERIALS PRODUCED BY**
**<u>DEUTSCHE BANK AG</u>**

VERNON S. BRODERICK, District Judge:

Defendant Deutsche Bank AG ("Deutsche Bank") and Plaintiffs Richard Dennis and Fund Liquidation Holdings LLC, and any subsequently named plaintiff(s) (collectively, "Representative Plaintiffs") in this action have agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the exchange of information between Deutsche Bank and Representative Plaintiffs, it is therefore hereby ORDERED that any person subject to this order (the "Order")—including, without limitation, the parties to this action, their representatives, agents, experts and consultants, all non-parties providing discovery in this action, and all other interested persons with actual or constructive notice of the Order—shall adhere to the following terms:

1.      All information, documents, and data of any kind provided by Deutsche Bank, or any current or former affiliate, subsidiary, or employee of Deutsche Bank, with respect to this action, including, without limitation, written discovery responses and deposition testimony, shall hereinafter be referred to as "Deutsche Bank Discovery Material." Any person subject to this Order who receives from any other person any Deutsche Bank Discovery Material, including any party to this action, shall not disclose said Deutsche Bank Discovery Material to anyone else except as expressly permitted hereunder.

2.      All Deutsche Bank Discovery Material shall be used solely for the prosecution or the defense of this action (including any appeal therefrom) and for no other purpose, including use in other legal actions, present or future, provided that any designated claims administrator of the proposed settlement between Deutsche Bank and Representative Plaintiffs (the "Settlement Administrator") may use the contact information of counterparties to Sterling LIBOR-Based Derivatives transactions for the purpose of mailing the notice of the proposed settlement to any

- 1 -

member of the settlement class conditionally certified by the Court in connection with preliminary approval of the settlement, and other data customarily used by a Settlement Administrator in processing claims. The Deutsche Bank Discovery Material shall not be used for institution or prosecution of any other action or proceedings against any Released Party.[1] The foregoing restriction shall not apply to any information or documents that is or becomes publicly available.

3.      Deutsche Bank may designate as "Confidential" any Deutsche Bank Discovery Material (hereinafter referred to as "Confidential Deutsche Bank Discovery Material") that consists of:

   a.   Financial information not previously disclosed to the public (including without limitation, profit and loss reports or estimates, trading positions, transactional data, liquidity reports, materials related to fees received for services provided, and materials related to employee compensation);

   b.   Material not previously disclosed to the public relating to ownership or control of any non-public company;

   c.   Business plans, trading strategies, or marketing materials not previously disclosed to the public;

   d.   Proprietary business information or communications, or other confidential research, development, or commercial information or communications;

---

[1] "Released Party" refers to Deutsche Bank, its predecessors, successors and assigns, its direct and indirect parents, subsidiaries and affiliates, and each of their respective current and former officers, directors, employees, managers, members, partners, agents (in their capacity as agents of Deutsche Bank), shareholders (in their capacity as shareholders of Deutsche Bank), attorneys, insurers, or legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Released Party. For the avoidance of doubt, "Released Parties" shall not include any named Defendants other than Deutsche Bank.

e.   Information for which applicable law—foreign or domestic—requires confidential treatment, to the extent disclosure is permitted by such law, or

f.   Any other category of information hereinafter given confidential status by the Court.

4.   Deutsche Bank may designate any given Deutsche Bank Discovery Material as "Highly Confidential" (hereinafter referred to as "Highly Confidential Deutsche Bank Discovery Material") where: (a) Deutsche Bank reasonably and in good faith believes that disclosure of the Deutsche Bank Discovery Material to the full extent otherwise permitted by this Order could result in competitive, commercial or personal harm to Deutsche Bank, or to improper market manipulation; or (b) such Deutsche Bank Discovery Material includes information for which applicable law—foreign or domestic—requires confidential treatment, to the extent disclosure is permitted by such law, trade secrets within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G), and/or undisclosed financial information of a third party.

5.   With respect to Confidential or Highly Confidential Deutsche Bank Discovery Material other than deposition transcripts and exhibits, Deutsche Bank and its counsel may designate such Deutsche Bank Discovery Material as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking "Confidential" or "Highly Confidential" on the Deutsche Bank Discovery Material in a manner that will not interfere with legibility or audibility. Deposition testimony and exhibits may be designated as Confidential or Highly Confidential either on the record during the deposition or within thirty (30) days of receipt of the transcript. Until such time period expires without designation having been made, the entire deposition transcript and exhibits shall be treated as Highly Confidential Deutsche Bank Discovery Material unless otherwise specified in writing or on the record of the deposition by Deutsche Bank. If Deutsche Bank

designates the entire deposition transcript and/or exhibits, or any portion thereof, as Confidential

or Highly Confidential, the designated portions of the transcript and/or exhibits shall be bound in

a separate volume and marked "Confidential Information Governed by Protective Order" or

"Highly Confidential Information Governed by Protective Order" by the reporter.

6.      Any court reporter or videographer who transcribes or videotapes testimony at a

deposition in this action containing Confidential or Highly Confidential Deutsche Bank Discovery

Material shall (a) certify that he or she has read this Order and manifests his or her assent to be

bound thereby by signing Exhibit A, (b) treat copies of any transcript, reporter's notes, audio or

video recordings, or any other transcription records as Confidential or Highly Confidential

Deutsche Bank Discovery Material, and (c) deliver any transcript or video containing Confidential

or Highly Confidential Deutsche Bank Discovery Material only to counsel, the witness or the Court

(filed under seal). A party who notices a deposition shall be responsible for notifying any court

reporter or videographer of the existence of this Order and obtaining such consent to be bound.

7.      During a deposition, only persons to whom, respectively, disclosure of Confidential

or Highly Confidential Deutsche Bank Discovery Material is permitted under Paragraphs 10 or 11

of this Order shall remain present while Confidential or Highly Confidential Deutsche Bank

Discovery Material is being used or discussed. If, during the course of a deposition, the response

to a question would require the witness to disclose Confidential or Highly Confidential Deutsche

Bank Discovery Material, the witness may assert the confidentiality of the material as a basis for

refusing to answer only if a person not authorized under, respectively, Paragraphs 10 or 11 of this

Order is present.

8.      If at any time prior to the trial of this action, a party—other than Deutsche Bank

who produced and originally designated such material—believes that some portion[s] of Deutsche

Bank Discovery Material were previously produced without a proper designation (including that the Deutsche Bank Discovery Material should have been produced with a less restrictive designation), that party may notify all parties and Deutsche Bank in writing, and such designated portion[s] of the Deutsche Bank Discovery Material will thereafter be treated as Confidential or Highly Confidential under the terms of this Order until any dispute about the proper designation is resolved. In addition, Deutsche Bank and the party seeking a new designation will consult and attempt to agree upon the proper designation. If they are unable to resolve any dispute about the proper designation of such Deutsche Bank Discovery Material, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling. Pursuant to such ruling, Deutsche Bank shall provide to each other party replacement versions of such Deutsche Bank Discovery Material that bears the new designation within five (5) business days of agreement upon such designation or resolution by the Court of any dispute or, in the case of voluminous material or other exceptional circumstances, as soon as is practicable.

9.      If at any time prior to the trial of this action, Deutsche Bank realizes that some portion[s] of the Deutsche Bank Discovery Material it previously produced was not properly designated (including being subject to a less restrictive designation), it may so designate by notifying all parties who received such material in writing, and such designated portion[s] of the Deutsche Bank Discovery Material will thereafter be treated pursuant to the replacement designation. In addition, Deutsche Bank shall provide all parties with replacement versions of such Deutsche Bank Discovery Material that bear the replacement designation within five (5) business days of providing such notice, or, in the case of voluminous material or other exceptional circumstances, as soon as is practicable.

10.     Other than Deutsche Bank, no person subject to this Order (including any witness to whom Confidential Deutsche Bank Discovery Material has been provided pursuant to subparagraph (d) below) shall disclose, summarize, describe, characterize or otherwise communicate or make available any of the Confidential Deutsche Bank Discovery Material to any other person whomsoever, except to individuals described in the below subparagraphs. Any disclosure permitted by this paragraph may be made only to the following persons and only to the extent reasonably necessary to prosecute and defend this action:

a.   Representative Plaintiffs, or any other party to this action that first executes a Non-Disclosure Agreement in the form annexed as Exhibit A hereto ("NDA Parties");

b.   Representative Plaintiffs' or NDA Parties' outside counsel and in-house counsel participating in the prosecution and defense of this matter in their roles as lawyers, including any paralegal, translator, administrative assistant and/or other assistant employed by such counsel and involved in this matter;

c.   as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

d.   any witness who counsel for Representative Plaintiffs or an NDA Party in good faith believes may be called to testify at trial, hearing or deposition in this action or is called to testify at trial, hearing or deposition in this action, provided such person has, prior to disclosure, been advised of the contents of this Order;

e.   any person retained by Representative Plaintiffs or an NDA Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection

with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit A hereto;

f.   stenographers engaged to transcribe depositions conducted in this action;

g.   independent photocopying, graphic production services, or litigation support services employed by Representative Plaintiffs or an NDA Party or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

h.   the Court and its support personnel;

i.   any court-appointed Settlement Administrator, including staff, independent photocopying services, graphic production services, or support services employed by the Settlement Administrator, provided such person has first executed the Non-Disclosure Agreement that is attached hereto as Exhibit A prior to the disclosure, with such data being limited to contact information for counterparties to Sterling LIBOR-Based Derivatives transactions with whom Deutsche Bank transacted during the class period and other data customarily used by a Settlement Administrator in processing claims; and

j.   any other person whom Deutsche Bank in its sole discretion agrees in writing may have access to such Deutsche Bank Discovery Material.

11.   Other than Deutsche Bank, no person subject to this Order (including any witness to whom Highly Confidential Deutsche Bank Discovery Material has been provided pursuant to subparagraph (d) below) shall disclose, summarize, describe, characterize or otherwise communicate or make available any of the Highly Confidential Deutsche Bank Discovery Material to any other person whomsoever, except to individuals described in the below subparagraphs. Any

disclosure permitted by this paragraph may be made only to the following persons and only to the extent reasonably necessary to prosecute and defend this action:

    a.   Representative Plaintiffs or NDA Parties' outside counsel and in-house counsel participating in the prosecution and defense of this matter in their roles as lawyers, including any paralegal, translator, administrative assistant and/or other assistant employed by such counsel and involved in this matter;

    b.   in the case of any Representative Plaintiffs or NDA Party to the litigation who is a natural person, to that natural person himself; or in the case of any Representative Plaintiffs or NDA Party to the litigation that is not a natural person, those specific designated representatives of the Representative Plaintiffs or NDA Party who are the primary decision-makers with authority and control over the prosecution or defense of the litigation;

    c.   as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    d.   any witness who has been subpoenaed or otherwise called to testify at trial, hearing or deposition in this action, provided such person has, prior to disclosure, been advised of the contents of this Order;

    e.   any person retained by Representative Plaintiffs or an NDA Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit A hereto;

    f.   stenographers engaged to transcribe depositions conducted in this action;

g.  independent photocopying, graphic production services, or litigation support services employed by Representative Plaintiffs or an NDA Party or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

h.  the Court and its support personnel;

i.  any court-appointed Settlement Administrator, including staff, independent photocopying services, graphic production services, or support services employed by the Settlement Administrator, provided such person has first executed the Non-Disclosure Agreement that is attached hereto as Exhibit A prior to the disclosure, with such data being limited to contact information for counterparties to Sterling LIBOR-Based Derivatives transactions with whom Deutsche Bank transacted during the class period and other data customarily used by a Settlement Administrator in processing claims; and

j.  any other person whom Deutsche Bank in its sole discretion agrees in writing may have access to such Deutsche Bank Discovery Material.

12.  Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this action or from relying upon or generally referring to Confidential or Highly Confidential Deutsche Bank Discovery Material in rendering such advice; provided, however, that in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content of Deutsche Bank Discovery Material if such disclosure is not otherwise permitted under this Order.

13.     Regarding Deutsche Bank Discovery Material related to experts:

a.  The provisions of Federal Rule of Civil Procedure 26(b)(3)(A)-(C) and 26(b)(4)(A)-(D), effective December 1, 2015, shall apply to the protection of draft expert reports and communications between a party's attorney(s) and the party's expert(s) to the extent that they are not inconsistent with the terms of this Order.

b.  Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case. Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

c.  Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report(s), trial and/or deposition testimony or any opinion presented in this case. No discovery can be taken from any non-testifying or consulting expert.

d.  No conversations or communications between parties and/or counsel and any testifying expert will be subject to discovery unless the conversations or communications identify facts or data provided by counsel and are actually relied upon by such expert in forming his or her final report(s), trial and/or deposition testimony or any opinion presented in this case.

e.  Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 13(a)-(d) shall be treated as attorney work product for the purposes of these proceedings and this Order.

14.     Nothing in this Order shall limit Deutsche Bank's rights concerning the Deutsche Bank Discovery Material it produces.

15.     Prior to any disclosure of any Confidential or Highly Confidential Deutsche Bank Discovery Material to any person referred to in subparagraphs 10(d) or 11(d) above, such person shall be provided by counsel with a copy of this Order and shall, prior to disclosure, be advised of the contents of this Order. Prior to any disclosure of any Confidential or Highly Confidential Deutsche Bank Discovery Material to any person referred to in subparagraphs 10(e) or 11(e) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, and produce it to opposing counsel prior to such person being permitted to testify (at deposition, hearing or trial).

16.     All Confidential and Highly Confidential Deutsche Bank Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential or Highly Confidential Deutsche Bank Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their reasonable best efforts to minimize such sealing. Any party to this action may access Confidential or Highly Confidential Deutsche Bank Discovery Material filed under seal with the Court, and shall be subject to this Order with respect to any Confidential or Highly Confidential Deutsche Bank Discovery Material filed under seal, including but not limited to the confidentiality restrictions set forth in paragraphs 10 and 11.

a.     Notwithstanding any other provision of this Order and except as otherwise permitted by this Court's Individual Rules & Practices in Civil Cases ("Individual

Rules"), no document may be redacted or filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to redact a document or file under seal shall comply with the requirements of the Court's Individual Rules and, to be approved, any redaction or sealing of a Court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *See, e.g., Lugosh v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119-20 (2d Cir. 2006).

b.      Nothing herein is intended to alter or modify the applicability of Federal Rule of Civil Procedure 5.2 to this action. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

17.     Each person who has access to Deutsche Bank Discovery Material produced by Deutsche Bank that has been designated as Confidential or Highly Confidential shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of such material.

18.     If, in connection with this action, Deutsche Bank claims that it has inadvertently produced Deutsche Bank Discovery Material that is subject to a claim of privilege or protection, including, without limitation, attorney-client privilege, attorney work product protection, data privacy laws, bank secrecy laws, state secrecy laws or bank examination privilege ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or protection with respect to the Inadvertently Disclosed Information or its subject matter.

19.     If Deutsche Bank makes a claim of inadvertent disclosure, the receiving party shall, within fourteen (14) business days, return or destroy all copies of the Inadvertently Disclosed

Information, and provide a written certification of counsel that all such information has been returned or destroyed.

20.     Within fourteen (14) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, Deutsche Bank shall produce a privilege log with respect to the Inadvertently Disclosed Information.

21.     The receiving party may move the Court for an order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an order the fact of the inadvertent production.

22.     Deutsche Bank retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

23.     Deutsche Bank may designate Deutsche Bank Discovery Material as "Confidential" or "Highly Confidential" consistent with the terms of this Order, even if Deutsche Bank is no longer a named party to this action. In such circumstances, Deutsche Bank Discovery Material designated Confidential or Highly Confidential by the non-party Deutsche Bank shall be assigned the same protection as Deutsche Bank Discovery Material so designated by Deutsche Bank as a party to this action, and all duties applicable to a party under this Order shall apply to a non-party Deutsche Bank designating Deutsche Bank Discovery Material as Confidential or Highly Confidential. All obligations applicable under this Order to persons receiving Deutsche Bank Discovery Material shall apply to any person receiving Deutsche Bank Discovery Material from such non-party Deutsche Bank.

24.     If, at any time, any Deutsche Bank Discovery Material governed by this Order is subpoenaed or requested by any court, administrative or legislative body, or by any other person

or entity purporting to have authority to require the production thereof, the person to whom the subpoena or request is directed shall, to the extent permitted by law, promptly give written notice to Deutsche Bank and its counsel and include with that notice a copy of the subpoena or request. To the extent permitted by law, the person to whom the subpoena or request is directed also shall not produce documents for at least ten (10) days after notice of the subpoena is provided to Deutsche Bank and its counsel in order to provide Deutsche Bank a reasonable period of time in which to seek to quash, limit or object to the subpoena or request, or to move for any protection for the Deutsche Bank Discovery Material. If the person to whom the subpoena or request is directed is compelled by applicable law or a court order to respond to the subpoena or request in less than ten (10) days, the person to whom the subpoena or request is directed shall, to the extent permitted by law, notify Deutsche Bank and its counsel of this fact. In no event shall such Deutsche Bank Discovery Material subject to this Order be produced by a person receiving a subpoena or request without providing Deutsche Bank an opportunity to quash, limit or object, absent a court order to do so or as otherwise required by law. In the event that Deutsche Bank Discovery Material designated as "Confidential" or "Highly Confidential" under this Order is produced in response to a subpoena or request, the recipient of the subpoena or request shall take commercially reasonable steps to ensure that the protections afforded under this Order shall continue to apply to such Deutsche Bank Discovery Material. The production of Confidential or Highly Confidential Deutsche Bank Discovery Material pursuant to a subpoena or request shall not cause such Confidential or Highly Confidential Deutsche Bank Discovery Material to lose its status as Confidential or Highly Confidential Deutsche Bank Discovery Material.

25.     In order to expedite production of voluminous materials, if Deutsche Bank is producing Deutsche Bank Discovery Material previously produced to a regulator or to another

party in another litigation, Deutsche Bank may designate those collections of documents that by their nature contain Confidential or Highly Confidential Deutsche Bank Discovery Material with the appropriate designation, notwithstanding that some of the documents within the collection may not qualify for such designation. Notwithstanding the foregoing, the receiving party may, pursuant to the procedures set forth in paragraph 8, challenge the designation of one of more particular documents on the grounds that it does not or they do not qualify for protection, or does not or do not qualify for the level of protection asserted.

26.     Confidential or Highly Confidential Deutsche Bank Discovery Material that has been produced, whether voluntarily, under subpoena or otherwise, to any regulator (including any division of any federal, state or local government in the U.S. or abroad, any division of any foreign government, or any industry self-governing, licensing or insuring entity), or that is subsequently produced to any such regulator, shall nonetheless continue to be subject to this Order and shall not cease to be Confidential or Highly Confidential Deutsche Bank Discovery Material solely because it was or is so produced, regardless of whether such regulator made or makes such Confidential or Highly Confidential Deutsche Bank Discovery Material available to one or more third parties.

27.     The undersigned agree to meet and confer concerning the use of any Confidential or Highly Confidential Deutsche Bank Discovery Material at hearings or at the trial of this action not fewer than ten (10) days prior to any such hearing or trial. Where a hearing or trial is scheduled on less than ten (10) days' notice, the parties agree to meet and confer as soon as practicable after receiving notice, but in any event, not fewer than twenty-four (24) hours in advance of the hearing or trial. The use of Confidential or Highly Confidential Deutsche Bank Discovery Material at hearings or trial shall not cause such Confidential or Highly Confidential Deutsche Bank

Discovery Material to lose its status as Confidential or Highly Confidential Deutsche Bank Discovery Material.

28.     This Order shall survive the termination of the litigation. The Court retains jurisdiction over parties, counsel for parties and all others to whom this Order applies, for purposes of enforcement of this Order following the conclusion of this action. Upon written request of Deutsche Bank, after the final conclusion of all aspects of this action by judgment not subject to further appeal or by settlement, all Confidential or Highly Confidential Deutsche Bank Discovery Material and all copies of such material shall be returned or destroyed by the receiving person, and so certified in writing within ninety (90) days of Deutsche Bank's written request. Notwithstanding any other provision of this Order, the obligation to return or destroy all Confidential or Highly Confidential Deutsche Bank Discovery Material and all copies of such material upon such written request shall not apply to pleadings, motions, briefs, supporting affidavits, other papers filed with the Court, attorney notes, deposition transcripts, hearing transcripts, trial transcripts, exhibits, the trial record (including exhibits), Court opinions or orders, attorney-client privileged material, and/or work product created by counsel, a party, or a third party in connection with this litigation, which reflect, summarize or otherwise refer to Confidential or Highly Confidential Material, and copies thereof retained by counsel, so long as such material is clearly marked to reflect that it contains such information and the person retaining such material otherwise complies with this Order with respect to such retained material.

29.     This Order is governed by, interpreted under, and construed and enforced in accordance with New York law, without regard to the conflict of law principles of the State of New York. Any dispute between the parties regarding this Order shall be resolved by making an appropriate application to this Court in accordance with its rules.

30.     Nothing herein shall preclude any party from seeking modification of this Order or additional protection for particular documents for good cause.

31.     By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no party waives any right to object on any ground to the admissibility or use in evidence of any of the material covered by this Order.

32.     During the pendency of this action only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

33.     This Stipulation and Order may be executed in counterparts.

**SO STIPULATED AND AGREED.**

Counsel for Representative Plaintiffs

Vincent Briganti
Geoffrey M. Horn
Raymond P. Girnys
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, New York 10601
Telephone: (914) 997-0500
vbriganti@lowey.com
ghorn@lowey.com
rgirnys@lowey.com

Christopher Lovell
**LOVELL STEWART HALEBIAN
JACOBSON LLP**
500 5th Avenue, Suite 2440
New York, New York 10110
Telephone: (212) 608-1900
clovell@lshllp.com

Counsel for Deutsche Bank AG

Elizabeth M. Sacksteder
**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
esacksteder@paulweiss.com

**IT IS SO ORDERED.**

DATED: _08/24/2024_

THE HONORABLE VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| SONTERRA CAPITAL MASTER FUND, LTD., RICHARD DENNIS, and FRONTPOINT EUROPEAN FUND, L.P., on behalf of themselves and all others similarly situated, | Docket No. 15-cv-3538 (VSB) |
| Plaintiffs, | |
| -against- | |
| BARCLAYS BANK PLC, COOPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., DEUTSCHE BANK AG, LLOYDS BANKING GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, UBS AG, JOHN DOE NOS. 1-50, and BARCLAYS CAPITAL, INC., | |
| Defendants. | |

---

**<u>NON-DISCLOSURE AGREEMENT</u>**

I, _____, acknowledge that I have read and understand the Stipulation and Protective Order Governing Materials Produced by Deutsche Bank AG (the "Protective Order") in this action. I agree that I will use Deutsche Bank Discovery Material solely for the prosecution or defense of this action and for no other purpose and that I am subject to the terms of the Protective Order. For the avoidance of doubt, I agree that I will not disclose Deutsche Bank Discovery Material, including Deutsche Bank Discovery Material designated as Confidential or Highly Confidential, except as authorized by the Protective Order, and that at the conclusion of the litigation I will return all Deutsche Bank Discovery Material I have received to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

DATED: _____                    _____
                                                                            [NAME]