UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SONTERRA CAPITAL MASTER FUND, LTD., RICHARD DENNIS, and FRONTPOINT EUROPEAN FUND, L.P., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>BARCLAYS BANK PLC, COOPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., DEUTSCHE BANK AG, LLOYDS BANKING GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, UBS AG, JOHN DOE NOS. 1-50, and BARCLAYS CAPITAL, INC.,<br><br>Defendants. | Docket No. 15-cv-3538 (VSB) |

**ORDER GRANTING PLAINTIFFS' COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

This matter came for a duly-noticed hearing on November 16, 2023 (the "Fairness Hearing"), upon Plaintiffs' Counsel's Motion for Award of Attorneys' Fees and Reimbursement of Expenses ("Fee and Expense Application") in the above-captioned action (the "Action"). The Court has considered the Fee and Expense Application and all supporting and other related materials, including the matters presented at the Fairness Hearing.  Due and adequate notice of the Settlement Agreement between Representative Plaintiffs and Defendant Deutsche Bank AG ("Deutsche Bank") entered into on March 31, 2022 (the "Settlement Agreement")[1] (ECF No. 262-1) having been given to the Settlement Class Members, the Fairness Hearing having been held,

---

[1] Unless otherwise defined herein, all capitalized terms used have the meanings set forth and defined in the Settlement Agreement.

and the Court having considered all papers filed and proceedings held herein, having found the Settlement of the Action to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. This Court has personal jurisdiction over Representative Plaintiffs and Deutsche Bank and all Settlement Class Members who have not timely and validly requested exclusion, and subject matter jurisdiction over the Action to approve the Settlement Agreement and all exhibits attached thereto.

2. Notice of the Fee and Expense Application was provided to potential Settlement Class Members in a reasonable manner, and such notice complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure and due process requirements.

3. The Court hereby awards Plaintiffs' Counsel attorneys' fees of $1,666,666.66 (33.33% of the total Settlement Fund), and litigation expenses of $375,536.24, together with interest for the same time period and at the same rate as earned by the Settlement Fund until paid, which shall be paid out of the Settlement Fund.

4. Plaintiffs' Counsel is hereby authorized to allocate the attorneys' fees in a manner in which, in Plaintiffs' Counsel's judgment, reflects the contributions of such counsel to the institution, prosecution and settlement of the Action.

5. In making this award of attorneys' fees and payment of litigation expenses, the Court has considered and found that:

    a. the Settlement Agreement with Deutsche Bank has, *inter alia*, created a fund of $5,000,000 in cash that Deutsche Bank has paid into escrow pursuant to the terms of the Settlement Agreement;

  b. Class Members who or which submit valid Proofs of Claim and Release will benefit from the Settlement reached because of the efforts of Plaintiffs' Counsel;

  c. Plaintiffs' Counsel have prosecuted the Action and achieved the Settlement with skill, perseverance, and diligent advocacy;

  d. The Action involves numerous complex factual and legal issues, was actively litigated and, in the absence of a settlement, would have involved lengthy proceedings with uncertain resolution of the numerous complex factual and legal issues;

  e. Had Plaintiffs' Counsel not achieved the Settlement with Deutsche Bank, there would remain a significant risk that Representative Plaintiffs and the Settlement Class may have recovered less or nothing from Deutsche Bank;

  f. The contingent nature, risks and complexity of the Action favor the fee percentage awarded above;

  g. Public policy considerations support the requested fee, as only a small number of firms have the requisite expertise and resources to successfully prosecute cases such as the Action;

  h. Notice was disseminated stating that Plaintiffs' Counsel would be moving for attorneys' fees of not more than $1,666,666.66 (representing one-third of the Settlement Fund) and payment of litigation expenses and costs not to exceed $600,000, plus interest; and

  i. The attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable in view of the applicable legal principles and the particular facts and circumstances of the Action.

6. Without affecting the finality of this Order in any way, this Court hereby retains

continuing jurisdiction over the Parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of this Order.

7. In the event that the Settlement is terminated, or the Effective Date does not occur in accordance with the terms of the Settlement, this Order shall be null and void, of no further force or effect, and without prejudice to any of the Parties, and may not be introduced as evidence or used in any actions or proceedings by any Person against the Parties.

8. Pursuant to the Settlement Agreement, the attorneys' fees and expense awards are independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement and are also independent of the Court's consideration of the Distribution Plan.

9. The attorneys' fees and payment of expenses awarded herein may be paid to Plaintiffs' Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Settlement Agreement which terms, conditions, and obligations are incorporated herein.

**IT IS SO ORDERED.**

Signed this 21 day of November, 2023.

_____
Honorable Vernon S. Broderick
United States District Judge